# EXHIBIT A





No Items in Cart | LOGOUT | mbootier

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 240401816 |
| **Case Caption:** | ZUKOWSKI ETAL VS MAYBROOK-P PRAXIS OPCO, LLC ETAL |
| **Filing Date:** | Monday , April 15th, 2024 |
| **Court:** | MAJOR JURY-COMPLEX |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | NURSING HOME LITIGATION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| PRELIMINARY OBJECTIONS | *pending* | 24052250 | 10-MAY-2024 | ANDERS, DANIEL J |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SOLARZ 861, JORDAN M |
| **Address:** | 130 NORTH 18TH STREET SUITE 1600 ONE LOGAN SQUARE PHILADELPHIA PA 19103 (215)372-8050 jsolarz@anapolweiss.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | ZUKOWSKI, FRANCES |
| **Address:** | 2222 WEST BOULEVARD | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | BETHLEHEM PA 18017 | | | |
| | | | | |
| 3 | | | DEFENDANT | LEHASKY, EPHRAM |
| **Address:** | 34 LORD AVENUE LAWRENCE NY 11559 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | DEFENDANT | LANDA, BENJAMIN |
| **Address:** | 34 LORD AVENUE LAWRENCE NY 11559 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | DEFENDANT | PHILIPSON, BENT |
| **Address:** | 22 PLEASANT RIDGE ROAD SPRING VALLEY NY 10977 | **Aliases:** | *none* | |
| | | | | |
| 6 | 18 | | DEFENDANT | PROMEDICA SKILLED NURSING & REHABILITATION EASTON |
| **Address:** | 2600 NORTHAMPTON STREET EASTON PA 18045 | **Aliases:** | *none* | |
| | | | | |
| 7 | 18 | | DEFENDANT | PROMEDICA HEALTH SYSTEM INC |
| **Address:** | 4400 EASTON COMMONS WAY SUITE 125 COLUMBUS OH 43219 | **Aliases:** | CT CORPORATION SYSTEM C/O | |
| | | | | |
| 8 | 18 | | DEFENDANT | HCR MANOR CARE SERVICES LLC |
| **Address:** | 4400 EASTON COMMONS WAY SUITE 125 COLUMBUS OH 43219 | **Aliases:** | CT CORPORATION SYSTEM C/O | |
| | | | | |
| 9 | 1 | | PLAINTIFF | ZUKOWSKI, LAWRENCE |
| **Address:** | 2222 WEST BOULEVARD BETHLEHEM PA 18017 | **Aliases:** | *none* | |
| | | | | |
| 10 | 20 | | DEFENDANT | MAYBROOK-P PRAXIS OPCO LLC |

| **Address:** | 500 WASHINGTON STREET<br>EASTON PA 18042 | **Aliases:** | GARDENS FOR MEMORY CARE AT EASTON DBA |
|---|---|---|---|
| | | | |

| 11 | 20 | | DEFENDANT | PRIORITY HEALTHCARE GROUP LLC |
|---|---|---|---|---|
| **Address:** | 99 W. HAWTHORNE AVE<br>SUITE 508<br>VALLEY STREAM NY 11580 | **Aliases:** | *none* | |
| | | | | |

| 12 | | DEFENDANT | PRIORITY CARE GROUP LLC |
|---|---|---|---|
| **Address:** | 791 FLANDERS DRIVE<br>VALLEY STREAM NY 11581 | **Aliases:** | AKIVA GLATZER C/O |
| | | | |

| 13 | | DEFENDANT | MAYBROOK-P OPCO HOLDINGS LLC |
|---|---|---|---|
| **Address:** | 850 NEW BURTON ROAD<br>SUITE 201<br>DOVER DE 19904 | **Aliases:** | COGENCY GLOBAL INC C/O |
| | | | |

| 14 | | DEFENDANT | GGL RELIANT LLC |
|---|---|---|---|
| **Address:** | 850 NEW BURTON ROAD<br>SUITE 201<br>DOVER DE 19904 | **Aliases:** | COGENCY GLOBAL INC C/O |
| | | | |

| 15 | | DEFENDANT | PHILPSON FAMILY LLC |
|---|---|---|---|
| **Address:** | 22 PLEASANT RIDGE ROAD<br>SPRING VALLEY NY 10977 | **Aliases:** | *none* |
| | | | |

| 16 | | DEFENDANT | DAVID, GAMZEH |
|---|---|---|---|
| **Address:** | 46 BROADWAY<br>LAWRENCE NY 11559 | **Aliases:** | *none* |
| | | | |

| 17 | | TEAM LEADER | ANDERS, DANIEL J |
|---|---|---|---|
| **Address:** | 529 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* |
| | | | |

| 18 | | | ATTORNEY FOR DEFENDANT | BOOTIER, MICHAEL W |
|---|---|---|---|---|
| **Address:** | BUCHANAN INGERSOLL & ROONEY PC<br>TWO LIBERTY PLACE<br>50 S. 16TH STREET, STE 3200<br>PHILADELPHIA PA 19103<br>(215)665-3833<br>michael.bootier@bipc.com | **Aliases:** | *none* | |

| 19 | 18 | | ATTORNEY FOR DEFENDANT | BRENNAN, NATALIE M |
|---|---|---|---|---|
| **Address:** | 50 S. 16TH STREET<br>SUITE 3200<br>SUITE 3200<br>PHILADELPHIA PA 19102<br>(215)665-5320<br>natalie.brennan@bipc.com | **Aliases:** | *none* | |

| 20 | | | ATTORNEY FOR DEFENDANT | DOHERTY JR, JAMES A |
|---|---|---|---|---|
| **Address:** | 217 WYOMING AVENUE<br><br>SCRANTON PA 18503<br>(570)346-7651<br>JDOHERTY@SHDLAWFIRM.COM | **Aliases:** | *none* | |

| 21 | 20 | | ATTORNEY FOR DEFENDANT | BUTLER, MATTHEW J |
|---|---|---|---|---|
| **Address:** | 217 WYOMING AVENUE<br>SCRANTON PA 18503<br>(570)346-7651<br>mbutler@shdlawfirm.com | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 15-APR-2024 11:27 AM | ACTIVE CASE | | |

| Docket Entry: | E-Filing Number: 2404033594 | | |
|---|---|---|---|
| | | | |
| 15-APR-2024 11:27 AM | COMMENCEMENT CIVIL ACTION JURY | SOLARZ 861, JORDAN M | |
| Documents: | [Final Cover](#) | | |
| Docket Entry: | *none.* | | |
| | | | |
| 15-APR-2024 11:27 AM | COMPLAINT FILED NOTICE GIVEN | SOLARZ 861, JORDAN M | |
| Documents: | [Zukowski - Complaint.pdf](#) | | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 15-APR-2024 11:27 AM | JURY TRIAL PERFECTED | SOLARZ 861, JORDAN M | |
| Docket Entry: | 12 JURORS REQUESTED. | | |
| | | | |
| 15-APR-2024 11:27 AM | WAITING TO LIST CASE MGMT CONF | SOLARZ 861, JORDAN M | |
| Docket Entry: | *none.* | | |
| | | | |
| 15-APR-2024 02:33 PM | CERTIFICATE OF MERIT | SOLARZ 861, JORDAN M | |
| Documents: | [Zukowski - COM as to Benjamin Landa.pdf](#) [Zukowski - COM as to David Gamzeh.pdf](#) [Zukowski - COM as to Bent Philipson.pdf](#) [Zukowski - COM as to Ephram Lehasky.pdf](#) [Zukowski - COM as to GGL Reliant, LLC.pdf](#) [Zukowski - COM as to HCR Manor Care Services, LLC.pdf](#) [Zukowski - COM as to Maybrook-P Opco Holdings, LLC.pdf](#) [Zukowski - COM as to Philpson Family Limited Liability Company.pdf](#) [Zukowski - COM as to Priority Care Group, LLC.pdf](#) [Zukowski - COM as to Priority Healthcare Group, LLC.pdf](#) [Zukowski - COM as to Promedica Health System, Inc.pdf](#) [Zukowski - COM as to Promedica Skilled Nursing and Rehabilitation Easton.pdf](#) [Zukowski - COM as to The Gardens for Memory Care at Easton.pdf](#) | | |
| Docket Entry: | CERTIFICATE OF MERIT AS TO DEFT PROMEDICA SKILLED NURSING & REHABILITATION EASTON, PROMEDICA HEALTH SYSTEM, INC., PRIORITY HEALTHCARE GROUP, LLC, PRIORITY CARE GROUP, LLC, PHILPSON FAMILY LIMITED LIABILITY COMPANY, MAYBROOK-P PRAXIS OPCO, LLC, MAYBROOK- | | |

P OPCO HOLDINGS, LLC, HCR MANOR CARE SERVICES, LLC, GGL RELIANT, LLC, GAMZEH DAVID, EPHRAM LEHASKY, BENT PHILIPSON AND BENJAMIN LANDA IS FILED (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI)

| 22-APR-2024<br>01:55 PM | PRAECIPE-ATTACH VERIFICATION | SOLARZ 861,<br>JORDAN M | |
|---|---|---|---|
| **Documents:** | Zukowski - Praecipe to Attach Verification.pdf<br>Zukowski - Signed Verification to Complaint.pdf | | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH VERIFICATION FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| 23-APR-2024<br>03:12 PM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861,<br>JORDAN M | |
|---|---|---|---|
| **Documents:** | Zukowski - Affidavit of Service - David Gamzeh and Ephram Lehasky.pdf<br>Ex A - David Gamzeh.pdf<br>Ex B - Ephram Lehasky.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON GAMZEH DAVID AND EPHRAM LEHASKY BY CERTIFIED MAIL ON 04/19/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| 25-APR-2024<br>10:13 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861,<br>JORDAN M | |
|---|---|---|---|
| **Documents:** | Zukowski - Affidavit of Service - Benjamin Landa.pdf<br>Ex A.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON BENJAMIN LANDA BY CERTIFIED MAIL ON 04/22/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| 26-APR-2024<br>11:05 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861,<br>JORDAN M | |
|---|---|---|---|
| **Documents:** | Zukowski - Affidavit of Service - Bent Phillipson and Phillipson Family Limited Liability Company.pdf<br>Ex A - Bent Phillipson.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PHILPSON FAMILY LLC AND BENT PHILIPSON BY CERTIFIED MAIL ON 04/20/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| 26-APR-2024<br>11:07 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861,<br>JORDAN M | |
|---|---|---|---|
| **Documents:** | Zukowski - Affidavit of Service - HCR Manor Care Services LLC and Promedica Health System Inc.pdf<br>Ex A - HCR.pdf | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PROMEDICA HEALTH SYSTEM INC AND HCR MANOR CARE SERVICES LLC BY CERTIFIED MAIL ON 04/19/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| | | | |
|---|---|---|---|
| 30-APR-2024 10:33 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861, JORDAN M | |
| **Documents:** | Zukowski - Affidavit of Service - Maybrook-P Opco Holdings LLC.pdf<br>Ex A - Maybrook-P Opco Holdings LLC.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MAYBROOK-P OPCO HOLDINGS LLC BY CERTIFIED MAIL ON 04/22/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| | | | |
|---|---|---|---|
| 30-APR-2024 10:34 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861, JORDAN M | |
| **Documents:** | Zukowski - Affidavit of Service - Priority Care Group LLC.pdf<br>Ex A - Priority Care Group LLC.pdf | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PRIORITY CARE GROUP LLC BY CERTIFIED MAIL ON 04/19/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

| | | | |
|---|---|---|---|
| 01-MAY-2024 10:18 AM | ENTRY OF APPEARANCE | BOOTIER, MICHAEL W | |
| **Documents:** | Entry of Appearance - MWB (Zukowski).pdf | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHAEL W BOOTIER FILED. (FILED ON BEHALF OF HCR MANOR CARE SERVICES LLC, PROMEDICA HEALTH SYSTEM INC AND PROMEDICA SKILLED NURSING & REHABILITATION EASTON) | | |

| | | | |
|---|---|---|---|
| 01-MAY-2024 10:18 AM | JURY TRIAL PERFECTED | BOOTIER, MICHAEL W | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |

| | | | |
|---|---|---|---|
| 01-MAY-2024 10:25 AM | ENTRY OF APPEARANCE | BRENNAN, NATALIE M | |
| **Documents:** | Entry of Appearance - NMB (Zukowski) .pdf | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF NATALIE M BRENNAN FILED. (FILED ON BEHALF OF HCR MANOR CARE SERVICES LLC, PROMEDICA HEALTH SYSTEM INC AND PROMEDICA SKILLED NURSING & REHABILITATION EASTON) | | |

| 01-MAY-2024 10:25 AM | JURY TRIAL PERFECTED | BRENNAN, NATALIE M | |
|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 09-MAY-2024 04:29 PM | PRELIMINARY OBJECTIONS | BOOTIER, MICHAEL W | |
| **Documents:** | [Zukowski - Preliminary Objections to Plaintiffs Complaint with Exhibits.pdf](#) | | |
| **Docket Entry:** | 50-24052250 PRELIMINARY OBJECTIONS TO PLAINTIFFS' COMPLAINT FILED. RESPONSE DATE: 05/30/2024 (FILED ON BEHALF OF HCR MANOR CARE SERVICES LLC, PROMEDICA HEALTH SYSTEM INC AND PROMEDICA SKILLED NURSING & REHABILITATION EASTON) | | |
| | | | |
| 09-MAY-2024 04:29 PM | JURY TRIAL PERFECTED | BOOTIER, MICHAEL W | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 15-MAY-2024 04:36 PM | ENTRY OF APPEARANCE | DOHERTY JR, JAMES A | |
| **Documents:** | [Appearance-JAD.pdf](#) [CertServ-Appearance-JAD.pdf](#) [Appearance-MJB.pdf](#) [CertServ-Appearance-MJB.pdf](#) | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF JAMES A DOHERTY AND MATTHEW J BUTLER FILED. (FILED ON BEHALF OF PRIORITY HEALTHCARE GROUP LLC AND MAYBROOK-P PRAXIS OPCO LLC) | | |
| | | | |
| 15-MAY-2024 04:36 PM | JURY TRIAL PERFECTED | DOHERTY JR, JAMES A | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 17-MAY-2024 09:36 AM | AFFIDAVIT OF SERVICE FILED | SOLARZ 861, JORDAN M | |
| **Documents:** | [Zukowski - Affidavit of Service - GGL Reliant LLC.pdf](#) | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON GGL RELIANT LLC BY CERTIFIED MAIL ON 04/18/2024 FILED. (FILED ON BEHALF OF LAWRENCE ZUKOWSKI AND FRANCES ZUKOWSKI) | | |

Case Description   Related Cases   Event Schedule   Case Parties   Docket Entries

E-Filing System     Search Home

ANAPOL WEISS
Jordan M. Solarz, Esquire
Attorney Identification No. 323096
Joshua H.K. Levy, Esquire
Attorney Identification No. 328511
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Tel. No. (215) 372-8050
Email: jsolarz@anapolweiss.com

Filed and Attested by the
Office of Judicial Records
15 APR 2024 10:34 am
B. SMITH

Attorney for Plaintiff, Lawrence Zukowski as
Administrator of the Estate of Frances Zukowski

| | | |
|---|---|---|
| **LAWRENCE ZUKOWSKI, AS** | : | COURT OF COMMON PLEAS |
| **ADMINISTRATOR OF THE ESTATE OF** | : | OF PHILADELPHIA COUNTY |
| **FRANCES ZUKOWSKI** | : | |
| 2222 West Boulevard | : | |
| Bethlehem, PA 18017 | : | |
| | : | |
| Plaintiff, | : | NO.: |
| vs. | : | |
| | : | PLAINTIFF DEMANDS A JURY |
| **MAYBROOK-P PRAXIS OPCO, LLC D/B/A** | : | TRIAL |
| **THE GARDENS FOR MEMORY CARE** | : | |
| **AT EASTON** | : | |
| 500 Washington Street | : | |
| Easton, PA 18042 | : | |
| | : | |
| **PRIORITY HEALTHCARE GROUP, LLC** | : | |
| 99 W. Hawthorne Ave., Suite 508 | : | |
| Valley Stream, NY 11580 | : | |
| | : | |
| **PRIORITY CARE GROUP, LLC** | : | |
| C/o Akiva Glatzer | : | |
| 791 Flanders Drive | : | |
| Valley Stream, NY 11581 | : | |
| | : | |
| **MAYBROOK-P OPCO HOLDINGS, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **GGL RELIANT, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **PHILPSON FAMILY LIMITED** | : | |
| **LIABILITY COMPANY** | : | |

1

Case ID: 240401816

22 Pleasant Ridge Road       :
Spring Valley, NY 10977      :

**DAVID GAMZEH**        :
46 Broadway         :
Lawrence, NY 11559       :
             :

**EPHRAM LEHASKY**       :
34 Lord Avenue        :
Lawrence, NY 11559       :
             :

**BENJAMIN LANDA**       :
34 Lord Avenue        :
Lawrence, NY 11559       :
             :

**BENT PHILIPSON**        :
22 Pleasant Ridge Road       :
Spring Valley, NY 10977      :

**PROMEDICA SKILLED NURSING &**   :
**REHABILITATION EASTON**     :
2600 Northampton Street       :
Easton, PA 18045         :
             :

**PROMEDICA HEALTH SYSTEM, INC.**   :
CT Corporation System       :
4400 Easton Commons Way, Suite 125   :
Columbus, OH 43219       :
             :

**HCR MANOR CARE SERVICES, LLC**   :
CT Corporation System       :
4400 Easton Commons Way, Suite 125   :
Columbus, OH 43219       :
             :
     Defendants.       :

---

## NOTICE TO DEFEND
## NOTIFICACIÓN PARA DEFENDERSE

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. | Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. |

| You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
|---|---|
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>**Philadelphia County Bar Association**<br>**Lawyers Referral & Information Services**<br>**1101 Market St #11, Philadelphia, PA**<br>**19107**<br>**(215) 238-6300** | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>**Asolacion De Licenclados**<br>**De Philadelphia County**<br>**1101 Market St #11, Philadelphia, PA**<br>**19107**<br>**(215) 238-6300** |

3

ANAPOL WEISS
Jordan M. Solarz, Esquire
Attorney Identification No. 323096
Joshua H.K. Levy, Esquire
Attorney Identification No. 328511
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Tel. No. (215) 372-8050
Email: jsolarz@anapolweiss.com

Attorney for Plaintiff, Lawrence Zukowski as
Administrator of the Estate of Frances Zukowski

| | | |
|---|---|---|
| **LAWRENCE ZUKOWSKI, AS** | : | COURT OF COMMON PLEAS |
| **ADMINISTRATOR OF THE ESTATE OF** | : | OF PHILADELPHIA COUNTY |
| **FRANCES ZUKOWSKI** | : | |
| 2222 West Boulevard | : | |
| Bethlehem, PA 18017 | : | |
| | : | |
| Plaintiff, | : | NO.: |
| vs. | : | |
| | : | PLAINTIFF DEMANDS A JURY |
| **MAYBROOK-P PRAXIS OPCO, LLC D/B/A** | : | TRIAL |
| **THE GARDENS FOR MEMORY CARE** | : | |
| **AT EASTON** | : | |
| 500 Washington Street | : | |
| Easton, PA 18042 | : | |
| | : | |
| **PRIORITY HEALTHCARE GROUP, LLC** | : | |
| 99 W. Hawthorne Ave., Suite 508 | : | |
| Valley Stream, NY 11580 | : | |
| | : | |
| **PRIORITY CARE GROUP, LLC** | : | |
| C/o Akiva Glatzer | : | |
| 791 Flanders Drive | : | |
| Valley Stream, NY 11581 | : | |
| | : | |
| **MAYBROOK-P OPCO HOLDINGS, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **GGL RELIANT, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **PHILPSON FAMILY LIMITED** | : | |
| **LIABILITY COMPANY** | : | |

4

22 Pleasant Ridge Road                    :
Spring Valley, NY 10977                    :

**DAVID GAMZEH**                           :
46 Broadway                                :
Lawrence, NY 11559                         :
                                           :
**EPHRAM LEHASKY**                         :
34 Lord Avenue                             :
Lawrence, NY 11559                         :
                                           :
**BENJAMIN LANDA**                         :
34 Lord Avenue                             :
Lawrence, NY 11559                         :
                                           :
**BENT PHILIPSON**                         :
22 Pleasant Ridge Road                     :
Spring Valley, NY 10977                    :
                                           :
**PROMEDICA SKILLED NURSING &**            :
**REHABILITATION EASTON**                  :
2600 Northampton Street                    :
Easton, PA 18045                           :
                                           :
**PROMEDICA HEALTH SYSTEM, INC.**          :
CT Corporation System                      :
4400 Easton Commons Way, Suite 125         :
Columbus, OH 43219                         :
                                           :
**HCR MANOR CARE SERVICES, LLC**           :
CT Corporation System                      :
4400 Easton Commons Way, Suite 125         :
Columbus, OH 43219                         :
                                           :
     Defendants.  :

---

## COMPLAINT IN CIVIL ACTION

(The Complaint Includes a Medical Professional Liability Action)

Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, by and

through counsel, Jordan M. Solarz, Esquire and the law firm of Anapol Weiss, files the instant

Complaint in Civil Action, and in support thereof avers the following:

5

## I. PARTIES

### A. Plaintiff

1. Frances Zukowski was an adult individual and was a resident of Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton ("Priority Facility"), from January 6, 2022, through September 20, 2022.

2. Frances Zukowski was an adult individual and was a resident of ProMedica Skilled Nursing & Rehabilitation Easton ("ProMedica Facility"), from January 31, 2022, through April 13, 2022.

3. On February 22, 2023, at the age of 92 years old, Frances Zukowski succumbed to her injuries and passed away.

4. Plaintiff, Lawrence Zukowski is an adult individual residing at 2222 West Boulevard, Bethlehem, PA 18017.

5. Plaintiff, Lawrence Zukowski is the adult son of decedent, Frances Zukowski and was named Administrator of the Estate of Frances Zukowski on May 3, 2023, by the Register of Wills of Northampton County, PA.

### B. Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson ("Priority Defendants")

6. Defendant, Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton, is a foreign corporation, duly licensed, organized and existing under and by virtue of the laws of Delaware, with offices and a place of business located at 500 Washington Street, Easton, PA 18042.

6

7.     Defendant, Priority Healthcare Group, LLC, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of Delaware, with offices and a place of business located at 99 W. Hawthorne Ave., Suite 508, Valley Stream, NY 11580.

8.     Defendant, Priority Care Group, LLC, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of New York, with a registered agent identified as Akiva Glatzer located at 791 Flanders Drive, Valley Stream, NY 11581.

9.     Defendant, Maybrook-P Opco Holdings, LLC, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of Delaware, with a registered agent identified as Cogency Global, Inc. located at 850 New Burton Rd., Suite 201, Dover, DE 19904.

10.    Defendant, GGL Reliant, LLC, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of Delaware, with a registered agent identified as Cogency Global, Inc. located at 850 New Burton Rd., Suite 201, Dover, DE 19904.

11.    Defendant, Philipson Family Limited Liability Company, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of New York, with an office and a place of business located at 22 Pleasant Ridge Road, Spring Valley, NY 10977.

12.    Defendant, David Gamzeh, who was at all times material hereto, a director, manager, officer, and owner of the entities and Facility identified herein. Carolyn Boehm has an address located at 46 Broadway, Lawrence, NY 11559.

13.    Defendant, Ephram Lahasky, who was at all times material hereto, a director, manager, officer, and owner of the entities and Facility identified herein. Carolyn Boehm has an address located at 34 Lord Avenue, Lawrence, NY 11559.

Case ID: 240401816

14.     Defendant, Benjamin Landa, who was at all times material hereto, a director, manager, officer, and owner of the entities and Facility identified herein. Carolyn Boehm has an address located at 34 Lord Avenue, Lawrence, NY 11559.

15.     Defendant, Bent Philipson, who was at all times material hereto, a director, manager, officer, and owner of the entities and Facility identified herein. Carolyn Boehm has an address located at 22 Pleasant Ridge Road, Spring Valley, NY 10977.

16.     Above-named Priority Defendants engaged in the business of owning, operating and/or managing nursing homes, including Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton, providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care to the public in Philadelphia County, Pennsylvania; and was at all times material hereto, duly licensed to operate same in the Commonwealth of Pennsylvania; and was the employer, supervisor and/or partner of all other Defendants noted herein, holding itself and its agents, employees, servants, contractors, subcontractors, staff and/or partners, and those persons granted privileges at the Facility, out to the public as competent and skillful healthcare providers and practitioners of medicine; and which is personally, directly and vicariously liable, among other things within the Complaint, for the acts and omissions of itself, its agents, employees, servants, contractors, subcontractors, staff and/or partners and all other Defendants, all of whom played a role in the care provided to Frances Zukowski and in the operation of the Facility.

17.     At all times material hereto, Priority Defendants individually and collectively owed duties indicated within this Complaint, some of which were non-delegable, to the residents of the Facility, including Frances Zukowski, such duties being conferred by statue, existing at common law, and/or being voluntarily assumed by each Priority Defendant.

8

18.    At all times material hereto, Priority Defendants individually and collectively, and/or through a joint venture, owned, operated, managed, and controlled the Facility, and are individually and collectively engaged in the business of providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care services to the general public.

## C. Defendants, ProMedica Skilled Nursing & Rehabilitation Easton; ProMedica Health System, Inc.; HCR Manor Care Services, LLC ("ProMedica Defendants")

19.    Defendant, ProMedica Skilled Nursing & Rehabilitation Easton, is a domestic corporation, duly licensed, organized and existing under and by virtue of the laws of Pennsylvania, with offices and a place of business located at 2600 Northampton Street, Easton, PA 18045.

20.    Defendant, ProMedica Health System, Inc., is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of Ohio, with a registered agent identified as CT Corporation System located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

21.    Defendant, HCR Manor Care Services, LLC, is a foreign corporation, duly licensed, organized, and existing under and by virtue of the laws of Ohio, with a registered agent identified as CT Corporation System located at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

22.    Above-named ProMedica Defendants engaged in the business of owning, operating and/or managing nursing homes, including ProMedica Skilled Nursing & Rehabilitation Easton, providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care to the public in Philadelphia County, Pennsylvania; and was at all times material hereto, duly licensed to operate same in the Commonwealth of Pennsylvania; and was the employer, supervisor and/or partner of all other Defendants noted herein, holding itself and its agents, employees,

9

servants, contractors, subcontractors, staff and/or partners, and those persons granted privileges at the Facility, out to the public as competent and skillful healthcare providers and practitioners of medicine; and which is personally, directly and vicariously liable, among other things within the Complaint, for the acts and omissions of itself, its agents, employees, servants, contractors, subcontractors, staff and/or partners and all other Defendants, all of whom played a role in the care provided to Frances Zukowski and in the operation of the Facility.

23.    At all times material hereto, ProMedica Defendants individually and collectively owed duties indicated within this Complaint, some of which were non-delegable, to the residents of the Facility, including Frances Zukowski, such duties being conferred by statue, existing at common law, and/or being voluntarily assumed by each ProMedica Defendant.

24.    At all times material hereto, ProMedica Defendants individually and collectively, and/or through a joint venture, owned, operated, managed, and controlled the Facility, and are individually and collectively engaged in the business of providing healthcare, medical services, therapy, rehabilitation, skilled nursing care, and custodial care services to the general public.

## II.    JURISDICTION AND VENUE

25.    Jurisdiction and venue are proper in this Honorable Court in Philadelphia County, Pennsylvania, insofar as Defendants regularly conduct business in this county, the cause of action arose in this county and/or the action is being brought in any county which venue may be laid against any defendant. See Pa.R.C.P. 1006 and 2179.

26.    Pa.R.C.P. 2179 no longer requires that medical malpractice claims be brought only in a county in which the cause of action arose.

27.    Medical and professional malpractice defendants are now subject to the same venue rules as all other non-governmental defendants.

10

28.     Under Pa. R.C.P. 2179(a), regarding venue for corporations, venue is proper in any county in which an entity regularly conducts business.

29.     Defendants, Maybrook-P Praxis Opco, LLC; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson (hereinafter "Priority Corporate Defendants") own and operate multiple skilled nursing facilities located in Philadelphia County, including the following:

a)  Tucker House Nursing and Rehabilitation Center, located at 1001 Wallace Street, Philadelphia, PA 19123;

b)  York Nursing and Rehabilitation center, located at 7101 Old York Road, Philadelphia, PA 19126;

c)  Cliveden Nursing and Rehabilitation Center, located at 6400 Greene Street, Philadelphia, PA 19119;

d)  Maplewood Nursing and Rehabilitation Center, located at 125 W. Schoolhouse Lane, Philadelphia, PA 19144; and,

e)  Care Pavilion Nursing and Rehabilitation Center, located at 6212 Walnut Street, Philadelphia, PA 19139.

30.     Priority Corporate Defendants provide administrative, managerial, and consulting services to these Philadelphia skilled nursing facilities in exchange for financial consideration or "fees" and/or share in the profits of these Philadelphia nursing facilities.

31.     As such, Priority Defendants regularly conduct business in Philadelphia County and venue is proper therein.

11

### III. FACTUAL BACKGROUND

#### A. Conduct of the Priority Defendants

32.     Frances Zukowski was a resident of the Priority Facility from January 6, 2022 through September 20, 2022.[1]

33.     Frances Zukowski required reliable assistance and skilled care in order to complete her activities of daily living, rehabilitation, and memory care which necessitated her admission to Priority Defendants' Facility.

34.     In exchange for financial consideration, and pursuant to the admission contract, Frances Zukowski was admitted to the Facility in order to obtain and be provided with that assistance.

35.     The Priority Defendants, through advertising and marketing of the Facility to local hospitals and other providers, held themselves out as capable of providing the level of care required by sick, elderly, and frail individuals like Frances Zukowski, through a number of services including medical, skilled nursing, occupational therapy, physical therapy, speech therapy, and daily custodial care, including hygiene.

36.     When Priority Defendants agreed to admit Frances Zukowski, they assumed the obligation of providing for her total healthcare, including the provision of nutrition, hydration, activities of daily living, medical, skilled nursing, occupational therapy, speech therapy, physical therapy, and daily custodial care.

37.     Priority Defendants exercised complete and total control over the healthcare of all the residents of the Facility, including Frances Zukowski.

---

[1] Plaintiff is not bringing any claim pursuant to Pa. St. 62 P.S. § 1407(c), and nothing in this Complaint should be interpreted as an attempt to recover damages pursuant to that statute.

Case ID: 240401816

38.     At all times material hereto, Priority Defendants were vertically integrated organizations that were controlled by their respective members and/or boards of directors, who were responsible for the operation, planning, budgeting, management, and quality control of the Facility.

39.     The control exercised over the Facility by the Priority Defendants included, inter alia: cash management; cost control; setting staffing levels; budgeting; marketing; maintaining and increasing census; supervision of the Facility Administrator and Director of Nursing; supervision and oversight of the staff; credentialing of physicians who saw patients in the Facility; development and implementation of nursing staff in-services; development and implementation of all pertinent policies and procedures; monitoring customer satisfaction via surveys; performing mock surveys through use of regional and local employees; risk management; corporate and regulatory compliance; quality of care assessment; licensure and certification; controlling accounts payable and receivable; setting guidelines in place that controlled whether or not residents were discharged based on certain clinical condition criteria; development and implementation of reimbursement strategies; retaining contract management, physician therapy and dietary services; dictating census and payor source quotas for admission to the Facility; and employing Facility-level, regional, and corporate staff who together operated the Facility.

40.     Priority Defendants monitored the care being provided at their nursing homes, including the Facility, by and through their respective members, managers, regional personnel, board of directors and corporate officers, who did so by utilizing Department of Health Survey Results, Customer Satisfaction Surveys, Mock Surveys, internal quality indicator reports, CMS Quality Indicator Reports, and CASPER Reports.

Case ID: 240401816

41.     Priority Defendants exercised ultimate authority over all budgets and had final approval over the allocation of resources for staffing, supplies, capital expenditures, and operations of their nursing homes, including the Facility.

42.     Priority Defendants had the duty and responsibility to establish policies and procedures that addressed the clinical and daily needs of the residents of the Facility, including Frances Zukowski. Priority Defendants had the duty and responsibility to ensure that those policies and procedures were implemented.

43.     Priority Defendants had the duty and responsibility to ensure those policies and procedures addressed the needs of the residents of the Facility, which included Frances Zukowski. This includes policies and procedures addressing the recognition and/or treatment of Frances Zukowski's medical conditions, so as to ensure that timely and appropriate care was provided for these conditions whether at the Facility or obtained from other medical providers.

44.     Priority Defendants, acting through their Administrators, members, managers, board of directors and corporate offices, had the duty and responsibility to oversee the standard of professional practice by the members of their staff at the Facility, including regarding the conduct at issue herein.

45.     Priority Defendants had a duty to employ competent, qualified and trained staff so as to ensure that proper care, treatment and services were provided to all residents of the Facility, including Frances Zukowski.

46.     Priority Defendants had a duty and responsibility to ensure that the Facility and its residents, including Frances Zukowski, were provided with sufficient staff and resources to guarantee the timely recognition and appropriate treatment of their medical, nursing and/or custodial needs whether within the Facility or from other medical care providers.

14

47.     Knowing that staffing costs were the largest part of their nursing homes' budgets, Priority Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

48.     Despite their knowledge of the likelihood of harm due to these insufficient staffing levels, and despite Complaints of insufficient staffing from staff members, residents and their families, Priority Defendants recklessly and/or negligently disregarded the consequences of their actions, and/or negligently caused staffing levels at the Facility to be set at a level that did not allow staff to sufficiently meet the needs of the residents, including Frances Zukowski.

49.     Priority Defendants knew that residents with greater health problems and higher acuity are a source of higher reimbursement rates, from governmental programs including Medicare, because of their complex medical needs. Upon present information and belief, such reimbursements from governmental programs, including Medicaid and Medicare, are Priority Defendants' primary source of income.

50.     Possessing this knowledge, Priority Defendants intentionally increased the numbers of residents at the Facility with higher acuity and complex medical needs.

51.     Priority Defendants knew, or should have known, that this increase in the acuity and care needs for the residents would significantly increase the need for additional staff, services, resources and supplies necessary to provide these residents with adequate care and meet their needs, including Frances Zukowski.

52.     Despite the knowledge of the increased needs for additional staff because of the increased acuity levels of the Facility residents, including Frances Zukowski, Priority Defendants

15

knowingly disregarded those acuity levels and knowingly established staffing levels that created recklessly high resident to nurse ratios and recklessly high resident to certified nurse aides ratios.

53.     Priority Defendants knowingly disregarded the increased resident acuity levels and the increased time required by the staff to provide activities of daily living, medications, and treatments.

54.     The acts and omissions of the Priority Defendants were motivated by a desire to decrease the costs and increase the profits of their nursing homes, including the Facility.

55.     Priority Defendants accomplished these goals by knowingly and recklessly reducing the expenditures for needed staffing, training, care and supplies, at the expense of the healthcare of the residents and despite the knowledge that this cost-cutting would inevitably lead to severe injuries, such as those suffered by Frances Zukowski.

56.     The aforementioned acts and omissions directly caused injury to Frances Zukowski and were known to the Priority Defendants.

57.     Priority Defendants knowingly sacrificed the quality of care received by all residents, including Frances Zukowski, by failing to manage, care, monitor, document, chart, prevent, diagnose and/or treat the injuries and illnesses suffered by Frances Zukowski, as described herein, which included the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

58.     At the time and place of the incidents hereinafter described, the Facility whereupon the incidents occurred was individually, collectively, and/or through joint venture, owned, possessed, controlled, managed, operated and maintained under the exclusive control of the Priority Defendants.

16

59.     At all times material hereto, the Priority Defendants were operating personally or through their agent, servants, workers, employees, contractors, subcontractors, staff, and/or principals, who acted with actual, apparent and/or ostensible authority, and all of whom were acting within the course and scope of their employment and under the direct and exclusive control of the Priority Defendants.

60.     The aforementioned incidents were caused solely and exclusively by reason of the negligence, carelessness, and recklessness of the Priority Defendants, their agents, servants, contractors, subcontractors, staff, and/or employees and was due in no part to any act or failure to act on the part of Frances Zukowski.

61.     Priority Defendants, their agents, servants, contractors, subcontractors, staff, and/or employees are/were, at all times material hereto, licensed professionals/professional corporation and/or businesses and the Plaintiff is asserting professional liability claims against them.

62.     In addition to all other claims and demands for damages set forth herein, Plaintiff is asserting claims for ordinary negligence, custodial neglect, joint venture, and corporate negligence against the Priority Defendants herein, as each of the entities named as Priority Defendants herein are directly and vicariously liable for their independent acts of negligence, for their acts of general negligence, and for their acts of corporate negligence, as plead throughout this Complaint.

## B.     Injuries of Frances Zukowski at the Priority Facility

63.     Upon admission to the Facility and during the relevant time period, Frances Zukowski was dependent upon the staff for her physical, mental, psycho-social, medical nursing and custodial needs, requiring total assistance with activities of daily living, and she had various illnesses and conditions that required evaluation and treatment.

17

64.     Priority Defendants knew or should have known that Frances Zukowski was at risk for the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

65.     Priority Defendants continuously engaged in a pattern of care replete with harmful and injurious commissions, omissions, and neglect as described herein.

66.     Priority Defendants, through their acts and omissions, deprived Frances Zukowski of adequate care, treatment, food, water, and medicine and caused her to suffer numerous illnesses and injuries, which included the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

67.     As a result of the severity of the negligence Priority Defendants inflicted upon Frances Zukowski, the deterioration of her health and physical condition was negligently accelerated and resulted in both physical and emotional injuries, a loss of dignity, degradation, emotional trauma, severe pain, suffering and mental anguish, unnecessary hospitalizations, and death.

68.     On January 6, 2022, Frances Zukowski was admitted to The Gardens for Memory Care at Easton for nursing, rehabilitation, and memory care due to dementia diagnosis.

69.     At the time of admission, Frances Zukowski was noted to be a fall risk.

70.     On January 9, 2022, Frances Zukowski was noted to be at risk for skin impairment.

71.     On January 10, 2022, antibiotics were ordered for a UTI. Her protein was 5.8, and albumin 3. She was started on ProHeal liquid protein twice a day. She was followed by PT and OT for abnormalities of gait and mobility, lack of coordination, and generalized muscle weakness.

Case ID: 240401816

72.     On January 11, 2022, a care plan reflected that sshe had bladder and bowel incontinence and was at risk for skin impairment. She required assistance with oral hygiene, toileting hygiene, and dressing. She was noted as independent with mobility and did not use a wheelchair.

73.     On January 13, 2022, Frances Zukowski had a Braden score of 22 (no risk).

74.     On January 13, 2022, Frances Zukowski was noted as nutritionally at risk.

75.     On February 9, 2022, Frances Zukowski had a Braden score of 19 (no risk).

76.     On May 2, 2022, Frances Zukowski had a Braden score of 21 (no risk).

77.     On May 2, 2022, Frances Zukowski is noted as independent with eating, required assistance with oral hygiene, toileting hygiene, and dressing, and was independent with mobility and did not use a wheelchair.

78.     On May 7, 2022, Frances Zukowski suffered a fall. Her Fall Risk Evaluation noted a score of 9. She was noted with 5/10 pain and was transferred to St. Luke's Hospital – Anderson Campus.

79.     Frances Zukowski was admitted to the hospital with a fracture left humerus from May 7, 2022 through May 11, 2022.

80.     On May 11, 2022, Frances Zukowski would return to The Gardens for Memory Care at Easton (Priority Facility).

81.     On May 12, 2022, a bed alarm was included as a fall intervention. She was noted as transferring and ambulating with a hemi walker with assistance x 1.

82.     On May 12, 2022, Frances Zukowski's prior level of functioning was noted as needing some help with self-care and was independent with indoor mobility, using a walker. Following the fall with shoulder fracture, she now needed partial/moderate assistance rolling from

19

side to side in bed, moving from sitting on the side of the bed to lying in bed, moving from sitting to standing, and all transfers. Her walking was not assessed due to her medical condition and safety concerns.

83.     On May 12, 2022, her BIMS score was 11/15. She was started on Gabapentin at bedtime and Acetaminophen TID for pain after her arm fracture. She was given Oxycodone twice for pain 5/10. A nursing care plan was initiated for her fracture.

84.     On May 13, 2022, orders were given for bed alarm and function checks.

85.     On May 13, 2022, Frances Zukowski appeared jaundiced, had decreased appetite, and had nausea. The NP sent abnormal labs. Orders were given to transfer her to the ED for further care. Documentation states that her family was notified of the transfer.

86.     Frances Zukowski would be admitted to Lehigh Valley-Muhlenberg Hospital for abnormal liver function from May 13, 2022 through May 18, 2022. Sshe would under go non-surgical treatment of gall stones and cholecystitis.

87.     On May 18, 2022, Frances Zukowski would return to The Gardens for Memory Care at Easton (Priority Facility).

88.     On May 20, 2022, her Braden score was 18 (mild risk). She was noted as non-ambulatory as she could not use her walker.

89.     On May 25, 2022, Frances Zukowski had excoriation and redness of her buttocks, treated with Zinc oxide.

90.     On June 2, 2022, Frances Zukowski was seen in the ED, placed in a sling, and referred. She described the pain as aching, dull, and sharp in intensity, intermittent, and localized. The pain was worse with movement and relieved by rest. It was not associated with numbness and

20

tingling. An X-ray revealed a stable, mildly displaced greater tuberosity fracture and a stable left humeral neck fracture. A PT referral was made.

91.     On June 9, 2022, Frances Zukowski was pale, unresponsive, and slouched over in her wheelchair during therapy. Her BP was 60/50, and her blood glucose was 207. EMS was called to take her to Lehigh Valley Hecktown Oaks. Documentation states that son and the ADON were notified.

92.     On June 9, 2022, Frances Zukowski would return to The Gardens for Memory Care at Easton (Priority Facility).

93.     On June 14, 2022, Frances Zukowski was noted to be able to more her left arm a little and verbalized pain 2/10.

94.     On June 15, 2022, Frances Zukowski is noted with 3 x 2 cm re area to left buttock. Zinc oxide was applied.

95.     On June 18, 2022, orders were given to apply Hydrogel gel to the left buttock for a red open area. The nursing care plan addressed this on 6/14/2022. The open area was described as MASD associated with incontinence.

96.     On June 22, 2022, she is noted with a stage II pressure injury to left buttock that is being locally managed.

97.     On June 24, 2022, Frances Zukowski complained of pain in the left calf, ankle, and left shoulder. The X-rays were negative, and she refused the completion of a Doppler study.

98.     On July 25, 2022, she required assistance with all self-care, including eating. She still needed partial/moderate assistance with all mobility activities.

99.     On July 30, 2022, her Braden score is noted to be a 15 (mild risk).

Case ID: 240401816

100.     On July 30, 2022, Frances Zukowski is noted with an intact red-purple blister on her right heel of unknown origin. Her heel was offloaded with a heel float boot. Orders were given to cleanse the right heel with NSS, apply Betadine, cover with ABD pad, and wrap with Kling wrap every night shift. Her weekly skin assessment was indicated for July. The application of Zinc oxide to the bilateral buttocks was ongoing.

101.     On August 3, 2022, Frances Zukowski's chart was reviewed, and an incident report was discussed with the nurse. Sshe had an open area on the right buttock, measuring 1 x 0.5 cm. Local care was done.

102.     On August 4, 2022, Frances Zukowski's chart was reviewed and sshe had an intact, non-blanchable red-purple blister on the right heel, measuring 4.2 x 2.7 cm. She was on a heel float boot.

103.     On August 5, 2022, orders were given to apply Hydrogel gel to the right buttock, as reflected in the nursing care plan. The intervention of offloading the area and repositioning was initiated on 8/11/2022. An alternating air mattress was noted as an intervention.

104.     On August 10, 2022, her Braden score was a 12 (moderate risk).

105.     On August 10, 2022, sshe had a dry blister on the right heel, measuring 4 x 5 cm. The blister was treated with local care of Betadine and a heel float. She also had an open area on the right buttock (noted to be the same measurements as 8/3/2022). There was no drainage or cellulitis. Sshe had chronic confusion and was up in a wheelchair. She was on ProHeal to promote wound healing.

106.     On August 11, 2022, an OT note states that Frances Zukowski had a had a sacral wound, and the POA insisted on a ROHO cushion. The cushion matrix was a better option as it

22

was easy to clean and effective in skin care/wound/healing prevention. She was incontinent/did not reposition herself.

107. On August 11, 2022, per the nursing care plan initiated on this date, sshe had a blood-filled blister on her right heel. Using an air mattress and offloading her heels were noted as interventions.

108. On August 12, 2022, orders were given to cleanse the left gluteus and sacrum with 1/4 strength Dakin's solution, apply skin prep to peri-wound, apply nickel thick Santyl to the wound base, and cover with a bordered foam dressing. Weekly skin checks were indicated for August. The application of Zinc oxide to the bilateral buttocks was ongoing.

109. On August 17, 2022, a physician note included the following:

   a) Pressure injury on sacrum: 1.5 x 1 x 0.1 cm.; 90% slough, 10% granulation.

   b) Pressure injury left gluteus 1 x 1 x 0.1 cm. 75% slough and 25% granulation.

   c) Wound right heel: 4 x 5 cm. Intensive local care. The right heel blister opened up.

110. On August 19, 2022, orders were given to cleanse the right heel with 1/4 strength Dakin's solution, apply nickel-thick Santyl to the wound base, and cover with a clean, dry dressing.

111. On August 19, 2022, Frances Zukowski was slumped over in her wheelchair and initially unresponsive to staff. When more alert, she complained of tiredness. Her son was notified and wanted the best care for her. EMS was called to take her to Lehigh Valley Hecktown Oaks to evaluate her syncopal episode. Documentation notes that son and the DON were notified.

112. On August 19, 2022, Frances Zukowski would return to The Gardens for Memory Care at Easton (Priority Facility). Sshe had been seen in the ED after a period of unresponsiveness. Per the nurse, she was wide awake. The in-house wound care service followed her for sacral, left hip, and right heel wounds, and the nurse said her son was aware of this.

23

113.    On August 23, 2022, an LPN documents that her skin was intact on the weekly skin review.

114.    On August 25, 2022, an in office follow up visit regarding the left shoulder fracture at St. Lukes Orthopedic Care Specialists Moravian noted the following:

> a) Per patient and her son, therapy stopped working with her 2 weeks after her sling was discontinued. She requires a walker to ambulate but they have not been helping her learn to walk with her walker again after her injury. She denied pain except when she attempted motion. Patient's son was very agitated and verbally abusive. He felt Memory Care Gardens was abusing her by not providing PT. The provider suggested an outside facility for PT if needed. Her unwillingness to participate may have been an obstacle to PT. It was explained to her son that not everyone reached PLOF after a traumatic fall. The impression after a repeat X-ray was a stable alignment of the greater tuberosity and humeral neck fractures. RTC in two to three months.

115.    On September 3, 2022, orders were given to apply Iodosorb gel to the sacrum every shift for wound care. Weekly skin checks were indicated for the month. The application of Zinc oxide to the bilateral buttocks was ongoing.

116.    On September 9, 2022, a physician notes that her wounds were treated with Santyl. She was on a protein supplement. The report of wound healing was reviewed. Wounds are notes as follows:

> a) Pressure injury on sacrum: 2.5 x 1.5 x 0.1 cm.
>
> b) Pressure injury left gluteus 0.1 x 0.1 x 0.1 cm.
>
> c) Wound right heel: 3 x 3 x 0.1 cm.

24

117.    On September 13, 2022, patient and her son attended a care conference the day before. They were both non-compliant with the interventions to promote wound healing. Her son also removed her offloading boots as he felt they were a restraint.

118.    On September 14, 2022, wounds were as reported on 9/9. The sacral wound was noted as stage II. An incident was reviewed with the son. The ADON and DON were aware.

119.    On September 15, 2022, the right heel and sacral wounds had yellow drainage, a foul odor, and dark purple edges. Her VS were stable, and she was afebrile. Sshe had been on Doxycycline for 14 days. Wound cultures were obtained, and an X-ray of the right heel was performed. The surgeon, Dr. Kohli, was consulted about the open area on the left gluteus. The X-ray was a normal study. She was to be returned to bed after every meal to keep pressure off her wound. Another attempt would be made to obtain a Doppler arterial study. Her son, Larry, was aware of his mom's condition.

120.    On September 16, 2022, Frances Zukowski was seen by wound care for sacral, left gluteus, and right heel pressure injuries. The sacral and right heel measurements were unchanged from 9/9. The left gluteus site was fully epithelialized.

121.    On September 17, 2022, a physician note states that Frances Zukowski had severe dementia. She was non-ambulatory and non-compliant with tests. Rocephin was started based on the wound culture results. Doxycycline was continued.

122.    On September 19, 2022, the Doppler arterial study showed calcified plaque disease with at least 50% stenosis. A vascular surgeon at St. Luke's was consulted. A picture of the wounds was reviewed with the nurse (televisit). P's PO fluid intake and appetite were fair. She denied any pain. Her WBC was elevated, and she continued antibiotics.

Case ID: 240401816

123.    On September 20, 2022, an EKG showed a possible acute septal infarct and atrial fibrillation. She was full code and was transferred to the ED at St. Luke's Easton. Her son Larry, the ADON, and the DON were apparently notified.

124.    A discharge summary was completed on 10/5/2022: She was admitted from another facility. Sshe had severe dementia, multiple problems, and multiple medications. She was admitted to the hospital for a fracture and subsequently seen by different specialists. She developed the ulcer (sacrum and right heel). The wound care service followed her. She was very non-compliant, as documented in the nurse's notes. Her son was aware. Sshe had an arrhythmia and was transferred to the hospital for further care. She went to another facility from the hospital. Her overall prognosis was guarded, and the POA was aware.

125.    Frances Zukowski would be admitted to St. Luke's Hospital – Easton Campus from September 20, 2022, through September 23, 2022. Sshe would not return to The Gardens for Memory Care at Easton (Priority Facility).

126.    On September 20, 2022, while at St. Luke's Hospital, it is noted that she presented with a right heel wound and was treated with Doxy and Ceftriaxone. Her son provided the history. Her son stated this wound and a sacral wound developed due to negligence at the nursing home. He was stunned to learn she was here as they reportedly told him the foot wound wasn't that bad. She was reportedly found to have possible a. fib at the nursing home but was in sinus arrhythmia.

127.    On September 21, 2022, it is noted that Frances Zukowski was admitted with infected sacral and right heel wounds. She was incontinent of bladder and bowel and was repositioned in bed with the assistance of two persons. She was totally dependent on the nursing staff for all her care. The findings included:

26

a) Unstageable wound to mid-sacrum with 90% yellow slough and 10% black/brown eschar. It measured 8.5 x 2.2 x 1.2 cm with a small amount of yellow serous drainage - no fluctuance noted. Orders were placed for wound care and prevention.

b) Unstageable wound to right heel with 100% black/brown eschar measuring 3 x 3 x 0 cm with no drainage - it was left open to air prior to visit - fluctuance noted. Orders were in place for wound care and prevention.

c) Blanchable erythema to right posterior thigh - orders in place for skin care.

128. On September 22, 2022, the right heel wound extended down to the bone, which was friable and irregular in appearance. The sacral wound also extended down to the bone, but the bone appeared healthy. The plan was to continue Vancomycin/Cefepime/Flagyl pending OR cultures.

129. On September 23, 2022, she is noted with a right heel stage IV and sacral stage IIi pressure injuries. She was POD #1 s/p excisional debridement of the heel and sacral wounds and placement of a VAC dressing to the sacral wound.

130. On September 23, 2022, a hospital discharge summary notes that she presented to the hospital on 9/20/2022 due to complaints of progressive weakness and worsening wounds of the sacrum and right heel. General Surgery and Infectious Disease evaluated her for surgical debridement of both wounds and antibiotic management. A wound VAC was placed post-debridement, and her empiric IV antibiotic regimen was transitioned to PO Doxycycline/Keflex/Flagyl for 7 days. She was discharged to skilled rehab with a plan for wound VAC exchange on 9/26/2022 and a follow-up with her PCP.

131. On September 23, 2022, Frances Zukowski was admitted to ProMedica Skilled Nursing & Rehabilitation Easton where sshe would remain until her death on February 22, 2023.

132. On February 22, 2023, Frances Zukowski succumbed to her injuries and passed away at the age of 92. Her cause of death was failure to thrive with significant conditions contributing to death including dementia, protein calorie malnutrition, and a. fib.

133. Priority Defendants were fully aware of Frances Zukowski's medical history, medical conditions, and co-morbidities and the level of nursing care she would require while a resident at the Facility.

134. The medical record for Frances Zukowski while she was a resident at Priority Defendants' Facility includes and evidences missing and incomplete documentation.

135. The Priority Defendants negligently caused severe injury to Frances Zukowski when they: mismanaged the Facility; under-budgeted the Facility; understaffed the Facility; failed to train or supervise the Facility's employees; failed to provide adequate and appropriate healthcare as described herein; engaged in incomplete and inconsistent documentation; failed to develop an appropriate care plan; failed to ensure the highest level of physical, mental and psychosocial well-being; failure to supervise; failed to ensure safety; failed to timely and adequately turn and reposition; failed to immediately assess following injury; failure to prevent injury, which, together, caused Frances Zukowski to suffer the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

136. As a result of the negligence, carelessness, and recklessness of the Priority Defendants herein described, Frances Zukowski was caused to suffer serious and permanent injuries as described herein, to, in and about her body and possible aggravation and/or activation of any pre-existing conditions, illnesses, ailments, or diseases she had, and/or the accelerated deterioration of her health, physical and mental condition, and a loss of the ordinary pleasures of

28

life, a loss of dignity, humiliation, and more particularly, the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, as well as anxiety, reaction and injury to her nerves and nervous system, some or all of which were permanent, together with other medical complications.

## C. Conduct of the ProMedica Defendants

137. Frances Zukowski was a resident of ProMedica Skilled Nursing & Rehabilitation Easton from September 23, 2022, through the date of her death on February 22, 2023.[2]

138. Frances Zukowski required reliable assistance and skilled care in order to complete her activities of daily living, rehabilitation, memory care, and wound care which necessitated her admission to ProMedica Defendants' Facility.

139. In exchange for financial consideration, and pursuant to the admission contract, Frances Zukowski was admitted to the Facility in order to obtain and be provided with that assistance.

140. The ProMedica Defendants, through advertising and marketing of the Facility to local hospitals and other providers, held themselves out as capable of providing the level of care required by sick, elderly, and frail individuals like Frances Zukowski, through a number of services including medical, skilled nursing, occupational therapy, physical therapy, speech therapy, and daily custodial care, including hygiene.

141. When ProMedica Defendants agreed to admit Frances Zukowski, they assumed the obligation of providing for her total healthcare, including the provision of nutrition, hydration,

---

[2] Plaintiff is not bringing any claim pursuant to Pa. St. 62 P.S. § 1407(c), and nothing in this Complaint should be interpreted as an attempt to recover damages pursuant to that statute.

Case ID: 240401816

activities of daily living, medical, skilled nursing, occupational therapy, speech therapy, physical therapy, and daily custodial care.

142. ProMedica Defendants exercised complete and total control over the healthcare of all the residents of the Facility, including Frances Zukowski.

143. At all times material hereto, ProMedica Defendants were vertically integrated organizations that were controlled by their respective members and/or boards of directors, who were responsible for the operation, planning, budgeting, management, and quality control of the Facility.

144. The control exercised over the Facility by the ProMedica Defendants included, inter alia: cash management; cost control; setting staffing levels; budgeting; marketing; maintaining and increasing census; supervision of the Facility Administrator and Director of Nursing; supervision and oversight of the staff; credentialing of physicians who saw patients in the Facility; development and implementation of nursing staff in-services; development and implementation of all pertinent policies and procedures; monitoring customer satisfaction via surveys; performing mock surveys through use of regional and local employees; risk management; corporate and regulatory compliance; quality of care assessment; licensure and certification; controlling accounts payable and receivable; setting guidelines in place that controlled whether or not residents were discharged based on certain clinical condition criteria; development and implementation of reimbursement strategies; retaining contract management, physician therapy and dietary services; dictating census and payor source quotas for admission to the Facility; and employing Facility-level, regional, and corporate staff who together operated the Facility.

145. ProMedica Defendants monitored the care being provided at their nursing homes, including the Facility, by and through their respective members, managers, regional personnel,

30

board of directors and corporate officers, who did so by utilizing Department of Health Survey Results, Customer Satisfaction Surveys, Mock Surveys, internal quality indicator reports, CMS Quality Indicator Reports, and CASPER Reports.

146. ProMedica Defendants exercised ultimate authority over all budgets and had final approval over the allocation of resources for staffing, supplies, capital expenditures, and operations of their nursing homes, including the Facility.

147. ProMedica Defendants had the duty and responsibility to establish policies and procedures that addressed the clinical and daily needs of the residents of the Facility, including Frances Zukowski ProMedica Defendants had the duty and responsibility to ensure that those policies and procedures were implemented.

148. ProMedica Defendants had the duty and responsibility to ensure those policies and procedures addressed the needs of the residents of the Facility, which included Frances Zukowski. This includes policies and procedures addressing the recognition and/or treatment of Frances Zukowski's medical conditions, so as to ensure that timely and appropriate care was provided for these conditions whether at the Facility or obtained from other medical providers.

149. ProMedica Defendants, acting through their Administrators, members, managers, board of directors and corporate offices, had the duty and responsibility to oversee the standard of professional practice by the members of their staff at the Facility, including regarding the conduct at issue herein.

150. ProMedica Defendants had a duty to employ competent, qualified and trained staff so as to ensure that proper care, treatment and services were provided to all residents of the Facility, including Frances Zukowski.

31

151.     ProMedica Defendants had a duty and responsibility to ensure that the Facility and its residents, including Frances Zukowski, were provided with sufficient staff and resources to guarantee the timely recognition and appropriate treatment of their medical, nursing and/or custodial needs whether within the Facility or from other medical care providers.

152.     Knowing that staffing costs were the largest part of their nursing homes' budgets, ProMedica Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

153.     Despite their knowledge of the likelihood of harm due to these insufficient staffing levels, and despite Complaints of insufficient staffing from staff members, residents and their families, ProMedica Defendants recklessly and/or negligently disregarded the consequences of their actions, and/or negligently caused staffing levels at the Facility to be set at a level that did not allow staff to sufficiently meet the needs of the residents, including Frances Zukowski.

154.     ProMedica Defendants knew that residents with greater health problems and higher acuity are a source of higher reimbursement rates, from governmental programs including Medicare, because of their complex medical needs. Upon present information and belief, such reimbursements from governmental programs, including Medicaid and Medicare, are ProMedica Defendants primary source of income.

155.     Possessing this knowledge, ProMedica Defendants intentionally increased the numbers of residents at the Facility with higher acuity and complex medical needs.

156.     ProMedica Defendants knew, or should have known, that this increase in the acuity and care needs for the residents would significantly increase the need for additional staff, services,

32

resources and supplies necessary to provide these residents with adequate care and meet their needs, including Frances Zukowski.

157.    Despite the knowledge of the increased needs for additional staff because of the increased acuity levels of the Facility residents, including Frances Zukowski, ProMedica Defendants knowingly disregarded those acuity levels and knowingly established staffing levels that created recklessly high resident to nurse ratios and recklessly high resident to certified nurse aides ratios.

158.    ProMedica Defendants knowingly disregarded the increased resident acuity levels and the increased time required by the staff to provide activities of daily living, medications, and treatments.

159.    The acts and omissions of the ProMedica Defendants were motivated by a desire to decrease the costs and increase the profits of their nursing homes, including the Facility.

160.    ProMedica Defendants accomplished these goals by knowingly and recklessly reducing the expenditures for needed staffing, training, care and supplies, at the expense of the healthcare of the residents and despite the knowledge that this cost-cutting would inevitably lead to severe injuries, such as those suffered by Frances Zukowski.

161.    The aforementioned acts and omissions directly caused injury to Frances Zukowski and were known to the ProMedica Defendants.

162.    ProMedica Defendants knowingly sacrificed the quality of care received by all residents, including Frances Zukowski, by failing to manage, care, monitor, document, chart, prevent, diagnose and/or treat the injuries and illnesses suffered by Frances Zukowski, as described herein, which included the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

33

163. At the time and place of the incidents hereinafter described, the Facility whereupon the incidents occurred was individually, collectively, and/or through joint venture, owned, possessed, controlled, managed, operated and maintained under the exclusive control of the ProMedica Defendants.

164. At all times material hereto, the ProMedica Defendants were operating personally or through their agent, servants, workers, employees, contractors, subcontractors, staff, and/or principals, who acted with actual, apparent and/or ostensible authority, and all of whom were acting within the course and scope of their employment and under the direct and exclusive control of the ProMedica Defendants.

165. The aforementioned incidents were caused solely and exclusively by reason of the negligence, carelessness, and recklessness of the ProMedica Defendants, their agents, servants, contractors, subcontractors, staff, and/or employees and was due in no part to any act or failure to act on the part of Frances Zukowski.

166. ProMedica Defendants, their agents, servants, contractors, subcontractors, staff, and/or employees are/were, at all times material hereto, licensed professionals/professional corporation and/or businesses and the Plaintiff is asserting professional liability claims against them.

167. In addition to all other claims and demands for damages set forth herein, Plaintiff is asserting claims for ordinary negligence, custodial neglect, joint venture, and corporate negligence against the ProMedica Defendants herein, as each of the entities named as ProMedica Defendants herein are directly and vicariously liable for their independent acts of negligence, for their acts of general negligence, and for their acts of corporate negligence, as plead throughout this Complaint.

34

**D.   Injuries of Frances Zukowski at the ProMedica Facility**

168.   Upon admission to the Facility and during the relevant time period, Frances Zukowski was dependent upon the staff for her physical, mental, psycho-social, medical nursing and custodial needs, requiring total assistance with activities of daily living, and she had various illnesses and conditions that required evaluation and treatment.

169.   ProMedica Defendants knew or should have known that Frances Zukowski was at risk for the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

170.   ProMedica Defendants continuously engaged in a pattern of care replete with harmful and injurious commissions, omissions, and neglect as described herein.

171.   ProMedica Defendants, through their acts and omissions, deprived Frances Zukowski of adequate care, treatment, food, water, and medicine and caused her to suffer numerous illnesses and injuries, which included the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

172.   As a result of the severity of the negligence ProMedica Defendants inflicted upon Frances Zukowski, the deterioration of her health and physical condition was negligently accelerated and resulted in both physical and emotional injuries, a loss of dignity, degradation, emotional trauma, severe pain, suffering and mental anguish, unnecessary hospitalizations, and death.

173.   On September 23, 2022, Frances Zukowski was admitted to ProMedica Skilled Nursing & Rehabilitation Easton for reliable assistance and skilled care in order to complete her activities of daily living, rehabilitation, memory care, and wound care.

Case ID: 240401816

174.     At the time of admission, Frances Zukowski records note that she had been hospitalized for a rapid heart rate, a right heel wound, and a sacral wound. She had a debridement and wound vac placement on 9/22/2022. She was bedbound and incontinent of bladder and bowel.

175.     On September 23, 2022, it is noted that Frances Zukowski needed skilled rehab involving PT, OT, and ST. She needed skilled nursing for wound care to multiple pressure areas and infection and needed pain management.

176.     On September 26, 2022, wounds are noted as follows:

   a)  Stage IV sacral wound measured 7 cm x 4.5 cm x 2.5 cm.

   b)  Stage IV right heel pressure injury measured 3 cm x 3 cm x 1.5 cm.

177.     On October 14, 2022, orders were give to consult wound care for the sacral wound.

178.     On October 17, 2022, osteomyelitis could not be excluded on a sacral x-ray and a CT was recommended.

179.     On October 18, 2022, the sacral wound cultured Morganella morganii, Proteus mirabilis, and Providencia stuartii. Orders were given to send her to the ED for evaluation.

180.     On October 18, 2022, Frances Zukowski was sent to the ED with a large sacral wound (worsening despite treatment), leukocytosis, and weight loss. A CT of the abdomen and pelvis showed a large sacral pressure injury. There was no abscess. There were potential small focal areas of inferior sacral chronic osteomyelitis. A urine culture grew three organisms. She was diagnosed with cystitis and constipation and treated with antibiotics and laxatives. She was deemed non-toxic and discharged.

181.     On October 18, 2022, Frances Zukowski returned to ProMedica Skilled Nursing & Rehabilitation Easton.

182.     On December 5, 2022, orders were given for an OT evaluation.

36

183. On December 16, 2022, wound care notes the following:

    a) right heel wound measured 4 x 3 x 0.4 cm. Deep purple to the peri-wound indicated a new pressure area.

    b) The sacral wound measured 7 x 6 x 1.6 cm. There was a 4 cm tunneling at 12 o'clock, and the bone was exposed.

    c) Both wounds were stage IV. She had moderate protein-calorie malnutrition and complete fecal incontinence.

184. On January 12, 2023, her son came to the nurse station, requesting that her appointment with Wound Care the next day be canceled as she was recovering from COVID and weak.

185. On January 18, 2023, she refused wound measurements.

186. On January 25, 2023, her Tramadol frequency was increased from q12 to q8 hourly.

187. On January 26, 2023, she was started on Cipro for Pseudomonas aeruginosa cultured from her right heel wound.

188. On January 27, 2023, wound care gave orders to offload P's right heel and sacrum. She was only allowed out of bed for one to two hours at a time. She was to be repositioned q2 hourly and continue her supplements of Prosource and Juven. Dressing orders were given.

189. On February 5, 2023, Frances Zukowski was sent to St. Luke's Hospital – Easton Campus and then to Anderson Campus, where she would remain until February 16, 2023.

190. On February 5, 2023, while at the Anderson Campus, records note that she could not provide a good history due to her dementia, except to say that her buttock wound hurt.

191. On February 8, 2023, a palliative care note stated that she was found unresponsive by her son at the SNF on 2/5/2023. She was transferred from the Easton to the Anderson campus

due to atrial fibrillation with RVR, sepsis, and hypotension. Her son reported bad experiences with the SNFs his Mom had stayed in. She was often in pain during wound care, and he had requested something stronger than Acetaminophen or Tramadol. She was on Acetaminophen q6h PRN for mild pain (her son did not wish this to be scheduled) and Oxycodone q6h PRN for moderate to severe pain 30 minutes prior to wound care. Her son had a strong faith and believed in miracles; therefore, he did not wish to change the code status and wanted to continue medical management.

192.    On February 14, 2023, she is noted with multiple wounds. The sacral wound required a VAC and was over 50cm sq in estimated area. She had contractures of the hands, bilateral hips, and knees into flexion, and at least in the left hip into internal rotation. She had anasarca, with 2-3+ pitting edema throughout. Her facial musculature was wasted, her color was poor, and the consistency of her skin was waxen. All of these signs indicated severe and likely longstanding malnutrition and her contractures were indicative of longstanding non-ambulatory status. These two factors led to a scenario of chronic non-healing wounds in overdependent areas: she had inadequate nutrition to build back damage to her skin and soft tissues, and she had no strength nor insight into offloading these areas. Her family was noted as offering incoherent decision for ongoing cares. They did not wish to provide more aggressive nutrition, but neither did they wish to focus on comfort cares. They insisted upon cardiac monitoring and IVF, neither of which would be sufficient to heal her wound. It might be necessary to consult the Ethics, Risk, and/or Legal teams for additional guidance and clarification on the appropriate path forward.

193.    On February 16, 2023, hospital records note the following diagnoses:

   a) Sepsis: the source was likely her infected sacral wound. She was on day 11 of IV
      Cefepime. No organisms were cultured. She had a Foley (placed at the SLE campus
      on arrival to their ED), and a wound vac was placed on 2/6. Surgery followed her.

38

b) Right foot wound: The X-ray showed calcaneal osteomyelitis, which was opined to be chronic. Podiatry followed her, with no plans for surgery.

c) Failure to thrive: her family was notified of her guarded prognosis on multiple occasions. At a family meeting with her sons and daughter on 2/14/2023, her sons were not interested in hospice care and wanted to continue medical management. Due to a lack of nutrition and not pursuing enteral feeds, her prognosis remained guarded.

d) Severe protein-calorie malnutrition: She had a 21% weight loss over three months. Her BMI was 19.94 (BMI < 18.5 is underweight).

e) Coffee ground emesis and anemia: she was on a PPI BD and continued a diet as tolerated. Her Hgb was stable between 7,5- 7,9 g/dl. Her POA declined investigations or transfusion.

194.     On February 16, 2023, Frances Zukowski was readmitted to ProMedica Skilled Nursing & Rehabilitation Easton.

195.     On February 17, 2023, her son signed a POLST form specifying no CPR and no intubations.

196.     On February 18, 2023, orders were given for PT evaluation.

197.     On February 22, 2023, Frances Zukowski succumbed to her injuries and passed away at the age of 92. Her cause of death was failure to thrive with significant conditions contributing to death including dementia, protein calorie malnutrition, and a. fib.

198.     ProMedica Defendants were fully aware of Frances Zukowski's medical history, medical conditions, and co-morbidities and the level of nursing care she would require while a resident at the Facility.

Case ID: 240401816

199. The medical record for Frances Zukowski while she was a resident at ProMedica Defendants' Facility includes and evidences missing and incomplete documentation.

200. The ProMedica Defendants negligently caused severe injury to Frances Zukowski when they: mismanaged the Facility; under-budgeted the Facility; understaffed the Facility; failed to train or supervise the Facility's employees; failed to provide adequate and appropriate healthcare as described herein; engaged in incomplete and inconsistent documentation; failed to develop an appropriate care plan; failed to ensure the highest level of physical, mental and psychosocial well-being; failure to supervise; failed to ensure safety; failed to timely and adequately turn and reposition; failed to immediately assess following injury; failure to prevent injury, which, together, caused Frances Zukowski to suffer the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

201. As a result of the negligence, carelessness, and recklessness of the ProMedica Defendants herein described, Frances Zukowski was caused to suffer serious and permanent injuries as described herein, to, in and about her body and possible aggravation and/or activation of any pre-existing conditions, illnesses, ailments, or diseases she had, and/or the accelerated deterioration of her health, physical and mental condition, and a loss of the ordinary pleasures of life, a loss of dignity, humiliation, and more particularly, the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, as well as anxiety, reaction and injury to her nerves and nervous system, some or all of which were permanent, together with other medical complications.

40

## COUNT ONE - NEGLIGENCE[3]
## AGAINST PRIORITY DEFENDANTS

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**Defendants, Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson (Priority Defendants)**

202.     Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

203.     Upon accepting Frances Zukowski as a resident at the Facility, Priority Defendants individually and jointly assumed direct, non-delegable duties to Frances Zukowski to provide her with adequate and appropriate healthcare, as well as basic custodial and hygiene services, as set forth herein.

204.     If Priority Defendants were unable or unwilling to meet the needs of Frances Zukowski, they had an affirmative duty and legal obligation to discharge Frances Zukowski from the Facility.

205.     Priority Defendants owed a non-delegable duty to provide adequate and appropriate medical, skilled nursing, rehabilitation, physical therapy, occupational therapy, speech therapy, activities of daily living and other custodial care service and supervision to Frances Zukowski and other residents at the Facility, such as reasonable caregivers would provide under similar circumstances.

206.     Priority Defendants each owed a non-delegable duty to the Facility's residents, including Frances Zukowski, to hire, train, and supervise their employees so as to ensure that the

---

[3] This Count contains all negligence-based causes of action, including corporate negligence, professional negligence, and ordinary/custodial negligence.

41

Facility was operated, and services were provided to Priority Defendants' residents in a safe and reasonable manner.

207. Priority Defendants, by and through their agents, employees, and/or servants each owed a duty of care to Frances Zukowski to exercise the appropriate skill and care of licensed physicians, nurses, certified nurse aides, therapy providers, rehabilitation providers, dietary personnel, Directors of Nursing, and/or Nursing Home Administrator.

208. Priority Defendants each owed the following duties to Frances Zukowski: the duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; to select, train and retain only competent staff; to oversee and supervise all persons who practiced medicine, nursing, rehabilitation and/or therapy within the Facility; to staff the Facility with personnel at sufficient numbers and training to provide care and services to meet the needs of the residents; a duty to ensure the respect and dignity of the residents; the duty to adequately fund the facility and not to under-budget for staffing and resources; to formulate, implement, update and enforce policies and procedures to ensure that all residents receive quality care as required by the applicable standards of care; a duty to take adequate measures to remedy known problems in the delivery of hygiene and custodial care as well as in the provision of medical, skilled nursing, rehabilitation, occupation therapy, and speech therapy; a duty to notify residents, their families and/or representatives of the fact that Priority Defendants were unable to provide adequate care and services when Priority Defendants knew, or should have known, of their deficiencies in providing such care and services; a duty to refuse to admit residents that Priority Defendants knew or should have known they were unable to provide the necessary care and services required by the residents; a duty to not admit more residents than they could safely provide the necessary care and

42

services for that the residents required; a duty to keep the Facility's residents free from abuse and neglect.

209. Priority Defendants failed to uphold and fulfill the aforementioned duties which proximately caused severe injuries and pain to Frances Zukowski as detailed herein.

210. In addition to the direct acts and omissions of the corporate Priority Defendants, the Priority Defendants also acted through their agents, servants, and employees, who were in turn acting within their course and scope of their employment under the direct supervision and control of Priority Defendants.

211. Upon present information and belief, at all times material hereto, Priority Defendants authored, produced, and/or received multiple and frequent reports detailing the number, frequency, factual circumstance and types of injuries and illnesses sustained by Frances Zukowski and the other residents of the Facility.

212. Despite being made aware of this information, including those specific to Frances Zukowski, Priority Defendants failed to take actions to prevent the occurrence of these types of injuries and illnesses.

213. Priority Defendants knew, or should have known, of the aforementioned issues that were occurring with the care of Frances Zukowski, as they were placed on actual and/or constructive notice of the same, through their own reports, CMS Quality Indicator Reports, CASPER Reports, and Federal and Pennsylvania Department of Health Surveys.

214. Priority Defendants, as the corporate members, managers, owners, and/or directors of the Facility, breached their duties and were, therefore, negligent, careless, and reckless in their obligations to Frances Zukowski.

43

215. Priority Defendants' corporate conduct was independent of the negligent conduct of the employees of the Facility, and was outrageous, willful, and wanton and exhibited a reckless indifference to the health and well-being of the residents, including Frances Zukowski.

216. Priority Defendants' breaches of duties, negligence, professional negligence, corporate negligence, carelessness and recklessness, individually, vicariously and/or acting by and through their officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, rehabilitation personnel, therapy personnel, dietary personnel, regional and corporate staff, who examined, treated and/or communicated the condition of Frances Zukowski, and through the administrative personnel responsible for hiring, retaining, and/or dismissing staff, staff supervision and policy making and enforcement, as well as any agents servants, employees, contractors, subcontractors, and/or consultants of Priority Defendants where exhibited in the following acts and omissions in the care and treatment of Frances Zukowski.

217. Priority Defendants failed to hire, utilize, train, and retain sufficient staff to meet the needs of the residents, including Frances Zukowski, which caused Frances Zukowski to suffer the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

218. Priority Defendants failed to ensure that Frances Zukowski received her physician-ordered medications in accordance with her physician's orders.

219. Priority Defendants failed to ensure that Frances Zukowski received her physician-ordered treatments in accordance with her physician's orders.

220. Priority Defendants failed to timely and appropriately notify Frances Zukowski's physician(s) and consulting specialists when she experienced significant changes in her condition,

44

contributing to Frances Zukowski's injuries and illnesses, including the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

221. Priority Defendants failed to obtain new or modified physician orders when Frances Zukowski's changes in condition required the same.

222. Priority Defendants failed to timely and appropriately notify Frances Zukowski's family and personal representatives when she experienced significant changes in her condition, contributing to Frances Zukowski's injuries and illnesses, including the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

223. Priority Defendants failed to accurately and consistently document Frances Zukowski's needs and the care and services provided to her in response to such needs.

224. Priority Defendants failed to ensure that Frances Zukowski did not develop serious and permanent injuries to, in and about her body and possible aggravation and/or activation of any pre-existing conditions, illnesses, ailments, or disease she had, and/or accelerated the deterioration of her health, physical and mental condition, and more particularly, the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

225. Priority Defendants failed to respond in a timely manner with appropriate medical, nursing, and custodial care when Frances Zukowski was injured, including when she experienced the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

45

226. Priority Defendants failed to ensure that each resident, including Frances Zukowski, received, and that the Facility provided, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care.

227. Plaintiff believes and avers that Priority Defendants' failures were caused by inadequate staffing levels, which are set by the corporate owners of the Facility, that is, Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson.

228. Priority Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

229. Priority Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

230. Priority Defendants admit residents with higher acuity and complex medical needs without increasing staffing levels. Due to their higher acuity and complex medical needs, these residents require more hands-on care.

46

231. Despite this increase in acuity, Priority Defendants would not increase their staffing levels to reflect this need for additional care.

232. As a result of understaffing, the residents of Priority Defendants' Facility, including Frances Zukowski, were not provided adequate care and treatment to meet their needs, which resulted in Frances Zukowski suffering the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

233. Priority Defendants failed to ensure Frances Zukowski's comprehensive care plans were developed, reviewed, and updated as required by the standard of care, including with significant changes in condition.

234. Priority Defendants failed to develop and implement an appropriate, comprehensive, and individualized care plan for Frances Zukowski that included measurable objectives and timetables to meet her medical, nursing, custodial, mental, and psychosocial needs as identified in the comprehensive assessment.

235. Priority Defendants failed to administer the Facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, including Frances Zukowski.

236. Priority Defendants failed to oversee and supervise all persons who practiced medicine, skilled nursing, rehabilitation, occupation therapy, speech therapy, dietary services and custodial care in the Facility who failed to provide adequate and appropriate healthcare to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

47

237.    Priority Defendants failed to formulate, implement, and enforce adequate policies and procedures to prevent Frances Zukowski from suffering from the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

238.    Priority Defendants failed to refer Frances Zukowski to the necessary medical specialists in a timely manner who would have properly diagnosed and/or treated her condition.

239.    Priority Defendants failed to implement a budget that properly funded the Facility and allowed the Facility to provide adequate and appropriate healthcare to its residents, including Frances Zukowski, necessarily including staffing and supplies.

240.    Priority Defendants grossly and recklessly understaffed the facility.

241.    Priority Defendants failed to take necessary and appropriate steps to remedy the continuing problems at the Facility that the Priority Defendants knew, or should have known, were occurring with Frances Zukowski's care, which included the need to increase the number of employees, hiring skilled and/or trained employees, providing adequate training to the employees, monitoring the conduct of the employees, and/or changing policies and procedures to improve resident care.

242.    Plaintiff believes and avers that Priority Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally, and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

243.    Due to these insufficient staffing levels, Frances Zukowski suffered injuries, which included the development and worsening of pressure ulcers, falls with injury including fractured

48

shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

244. There were not sufficient staff members to adequately provide the care and treatment prescribed by the physicians to Frances Zukowski, which caused her to suffer all of the injuries described herein.

245. There were not sufficient staff members to adequately monitor and address Frances Zukowski's pain, which caused her to suffer needless and preventable pain.

246. There were not sufficient staff members to timely and adequately turn and reposition Frances Zukowski, which caused her to suffer pressure ulcers, infections, osteomyelitis, and death.

247. There were not sufficient staff members to timely and adequately care plan for skin breakdown, which caused Frances Zukowski to suffer pressure ulcers, infections, osteomyelitis, and death.

248. There were not sufficient staff members to timely and adequately implement care plan interventions related to skin breakdown, which caused Frances Zukowski to suffer pressure ulcers, infections, osteomyelitis, and death.

249. There were not sufficient staff members to provide supervision and assistance to Frances Zukowski, which caused her to suffer falls with injury including shoulder fracture and death.

250. There were not sufficient staff members to timely and adequately care plan for falls, which caused Frances Zukowski to suffer falls with injury including shoulder fracture and death.

49

251. There were not sufficient staff members to timely and adequately implement care plan interventions related to falls, which caused Frances Zukowski to suffer falls with injury including shoulder fracture and death.

252. There were not sufficient staff members to provide adequate hygiene to Frances Zukowski, which caused her to suffer from skin breakdown, UTI's, infections, and death.

253. There were not sufficient staff members to provide adequate hydration and nutrition to Frances Zukowski, which caused her to suffer from dehydration and malnutrition, and contributed to her skin breakdown, UTI's infection, and death.

254. Priority Defendants failed to maintain compliance with the governmental regulations, including 42 C.F.R. § 483.101 *et seq.* and Title 28 Pa.Code § 201.1 *et seq.*, to which Priority Defendants are required to adhere and to which their delivery of care is compared during Federal and Pennsylvania Department of Health Annual and Complaint-based surveys, including 42 C.F.R. §§ 483.5, 483.21(a) & (b), 483.25(b) & (c), 483.10(a) & (e) & (c) & (g), 483.10(c)(2)(iv), 483.10(i), 483.12, 483.15(g)(14), 483.20, 483.20(b)(2)(ii), 483.24, 483.25, 483.25(I), 483.60, 483.30, 483.35, 483.70; 483.70(e); 483.70(i); 483.10(f) & (h); 483.25(e), 483.25(b) & (c), 483.40; 483.45(b) & (c) & (e) & (d); 483.45(f), 483.80, and, 28 Pa.Code §§ 201.29, 211.5(f); 211.10, § 211.11, 201.29(j) & (i), 211.10, 205.1, 211.8; 201.29(c), 51.3, 201.14(c), 211.2, 211.5, 211.6, 211.2(a), 211.10(a), 211.2, 211.12, 211.5, 211.7, 201.18; 201.20, 211.10(d), 22.1.6, 211.10(a).[4]

255. In committing the acts and omissions herein, Priority Defendants acted in a grossly negligent manner, with reckless indifference to the rights and safety of Frances Zukowski.

256. Upon information and belief, Priority Defendants' owners, officers, directors, partners, members and managers were made aware of Federal and Pennsylvania Department of

---

[4] Plaintiff is not asserting a claim for negligence *per se*.

50

Health survey results and placed on notice of the care issues and/or physical/environmental issues of their nursing homes, including the Facility.

257. Upon information and belief, Priority Defendants, including their owners, officers, directors, partners, members, managers, and employees, knew they had been cited by Federal and Pennsylvania Department of Health surveyors for deficiencies regarding the Facility prior to, during and after the residency of Frances Zukowski, and were placed on notice as to care issues and/or physical/environmental issues at the Facility.

258. As a direct and proximate result of Priority Defendants' acts and/or omissions, and their breach of their duty of care, negligence, carelessness and recklessness, Frances Zukowski suffered (a) severe permanent physical injuries resulting in severe pain, suffering and disfigurement (b) mental anguish, embarrassment, humiliation, degradation, emotional distress, and loss of personal dignity, (c) loss of capacity for enjoyment of life, (d) expense of otherwise unnecessary hospitalizations, medical expenses and residency at the Facility, (e) aggravation of her pre-existing medical conditions, and (f) death.

259. In causing the aforementioned injuries, Priority Defendants knew, or should have known, that Frances Zukowski would suffer such harm.

260. Priority Defendants' conduct was intentional, outrageous, willful, and wanton, and exhibited a reckless indifference to the health and well-being of Frances Zukowski.

261. Priority Defendants' conduct justifies an award of punitive damages.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against Priority Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand

Case ID: 240401816

Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

## COUNT TWO - NEGLIGENCE[5]
## AGAINST PROMEDICA DEFENDANTS

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**ProMedica Skilled Nursing & Rehabilitation Easton; ProMedica Health System, Inc.; HCR Manor Care Services, LLC (ProMedica Defendants)**

262.    Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

263.    Upon accepting Frances Zukowski as a resident at the Facility, ProMedica Defendants individually and jointly assumed direct, non-delegable duties to Frances Zukowski to provide her with adequate and appropriate healthcare, as well as basic custodial and hygiene services, as set forth herein.

264.    If ProMedica Defendants were unable or unwilling to meet the needs of Frances Zukowski, they had an affirmative duty and legal obligation to discharge Frances Zukowski from the Facility.

265.    ProMedica Defendants owed a non-delegable duty to provide adequate and appropriate medical, skilled nursing, rehabilitation, physical therapy, occupational therapy, speech therapy, activities of daily living and other custodial care service and supervision to Frances Zukowski and other residents at the Facility, such as reasonable caregivers would provide under similar circumstances.

266.    ProMedica Defendants each owed a non-delegable duty to the Facility's residents, including Frances Zukowski, to hire, train, and supervise their employees so as to ensure that the

---

[5] This Count contains all negligence-based causes of action, including corporate negligence, professional negligence, and ordinary/custodial negligence.

52

Facility was operated, and services were provided to ProMedica Defendants' residents in a safe and reasonable manner.

267.    ProMedica Defendants, by and through their agents, employees, and/or servants each owed a duty of care to Frances Zukowski to exercise the appropriate skill and care of licensed physicians, nurses, certified nurse aides, therapy providers, rehabilitation providers, dietary personnel, Directors of Nursing, and/or Nursing Home Administrator.

268.    ProMedica Defendants each owed the following duties to Frances Zukowski: the duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; to select, train and retain only competent staff; to oversee and supervise all persons who practiced medicine, nursing, rehabilitation and/or therapy within the Facility; to staff the Facility with personnel at sufficient numbers and training to provide care and services to meet the needs of the residents; a duty to ensure the respect and dignity of the residents; the duty to adequately fund the facility and not to under-budget for staffing and resources; to formulate, implement, update and enforce policies and procedures to ensure that all residents receive quality care as required by the applicable standards of care; a duty to take adequate measures to remedy known problems in the delivery of hygiene and custodial care as well as in the provision of medical, skilled nursing, rehabilitation, occupation therapy, and speech therapy; a duty to notify residents, their families and/or representatives of the fact that ProMedica Defendants were unable to provide adequate care and services when ProMedica Defendants knew, or should have known, of their deficiencies in providing such care and services; a duty to refuse to admit residents that ProMedica Defendants knew or should have known they were unable to provide the necessary care and services required by the residents; a duty to not admit more residents than they could safely provide the necessary

53

Case ID: 240401816

care and services for that the residents required; a duty to keep the Facility's residents free from abuse and neglect.

269. ProMedica Defendants failed to uphold and fulfill the aforementioned duties which proximately caused severe injuries and pain to Frances Zukowski as detailed herein.

270. In addition to the direct acts and omissions of the corporate ProMedica Defendants, the ProMedica Defendants also acted through their agents, servants, and employees, who were in turn acting within their course and scope of their employment under the direct supervision and control of ProMedica Defendants.

271. Upon present information and belief, at all times material hereto, ProMedica Defendants authored, produced, and/or received multiple and frequent reports detailing the number, frequency, factual circumstance and types of injuries and illnesses sustained by Frances Zukowski and the other residents of the Facility.

272. Despite being made aware of this information, including those specific to Frances Zukowski, ProMedica Defendants failed to take action to prevent the occurrence of these types of injuries and illnesses.

273. ProMedica Defendants knew, or should have known, of the aforementioned issues that were occurring with the care of Frances Zukowski, as they were placed on actual and/or constructive notice of the same, through their own reports, CMS Quality Indicator Reports, CASPER Reports, and Federal and Pennsylvania Department of Health Surveys.

274. ProMedica Defendants, as the corporate members, managers, owners, and/or directors of the Facility, breached their duties and were, therefore, negligent, careless, and reckless in their obligations to Frances Zukowski.

54

275. ProMedica Defendants' corporate conduct was independent of the negligent conduct of the employees of the Facility, and was outrageous, willful, and wanton and exhibited a reckless indifference to the health and well-being of the residents, including Frances Zukowski.

276. ProMedica Defendants' breaches of duties, negligence, professional negligence, corporate negligence, carelessness and recklessness, individually, vicariously and/or acting by and through their officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, rehabilitation personnel, therapy personnel, dietary personnel, regional and corporate staff, who examined, treated and/or communicated the condition of Frances Zukowski, and through the administrative personnel responsible for hiring, retaining, and/or dismissing staff, staff supervision and policy making and enforcement, as well as any agents servants, employees, contractors, subcontractors, and/or consultants of ProMedica Defendants where exhibited in the following acts and omissions in the care and treatment of Frances Zukowski.

277. ProMedica Defendants failed to hire, utilize, train, and retain sufficient staff to meet the needs of the residents, including Frances Zukowski, which caused Frances Zukowski to suffer the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

278. ProMedica Defendants failed to ensure that Frances Zukowski received her physician-ordered medications in accordance with her physician's orders.

279. ProMedica Defendants failed to ensure that Frances Zukowski received her physician-ordered treatments in accordance with her physician's orders.

280. ProMedica Defendants failed to timely and appropriately notify Frances Zukowski's physician(s) and consulting specialists when she experienced significant changes in her condition, contributing to Frances Zukowski's injuries and illnesses, including the

development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

281.    ProMedica Defendants failed to obtain new or modified physician orders when Frances Zukowski's changes in condition required the same.

282.    ProMedica Defendants failed to timely and appropriately notify Frances Zukowski's family and personal representatives when she experienced significant changes in her condition, contributing to Frances Zukowski's injuries and illnesses, including the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

283.    ProMedica Defendants failed to accurately and consistently document Frances Zukowski's needs and the care and services provided to her in response to such needs.

284.    ProMedica Defendants failed to ensure that Frances Zukowski did not develop serious and permanent injuries to, in and about her body and possible aggravation and/or activation of any pre-existing conditions, illnesses, ailments, or disease she had, and/or accelerated the deterioration of her health, physical and mental condition, and more particularly, the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

285.    ProMedica Defendants failed to respond in a timely manner with appropriate medical, nursing, and custodial care when Frances Zukowski was injured, including when she experienced the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

286.    ProMedica Defendants failed to ensure that each resident, including Frances Zukowski, received, and that the Facility provided, the necessary care and services to attain or

56

maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care.

287. Plaintiff believes and avers that ProMedica Defendants' failures were caused by inadequate staffing levels, which are set by the corporate owners of the Facility, that is, ProMedica Health System, Inc.; HCR Manor Care Services, LLC.

288. ProMedica Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

289. ProMedica Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

290. ProMedica Defendants admit residents with higher acuity and complex medical needs without increasing staffing levels. Due to their higher acuity and complex medical needs, these residents require more hands-on care.

291. Despite this increase in acuity, ProMedica Defendants would not increase their staffing levels to reflect this need for additional care.

292. As a result of understaffing, the residents of ProMedica Defendants' Facility, including Frances Zukowski, were not provided adequate care and treatment to meet their needs, which resulted in Frances Zukowski suffering the development and worsening of pressure ulcers,

57

osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

293. ProMedica Defendants failed to ensure Frances Zukowski's comprehensive care plans were developed, reviewed, and updated as required by the standard of care, including with significant changes in condition.

294. ProMedica Defendants failed to develop and implement an appropriate, comprehensive, and individualized care plan for Frances Zukowski that included measurable objectives and timetables to meet her medical, nursing, custodial, mental, and psychosocial needs as identified in the comprehensive assessment.

295. ProMedica Defendants failed to administer the Facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, including Frances Zukowski.

296. ProMedica Defendants failed to oversee and supervise all persons who practiced medicine, skilled nursing, rehabilitation, occupation therapy, speech therapy, dietary services and custodial care in the Facility who failed to provide adequate and appropriate healthcare to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

297. ProMedica Defendants failed to formulate, implement, and enforce adequate policies and procedures to prevent Frances Zukowski from suffering from the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

58

298.     ProMedica Defendants failed to refer Frances Zukowski to the necessary medical specialists in a timely manner who would have properly diagnosed and/or treated her condition.

299.     ProMedica Defendants failed to implement a budget that properly funded the Facility and allowed the Facility to provide adequate and appropriate healthcare to its residents, including Frances Zukowski, necessarily including staffing and supplies.

300.     ProMedica Defendants grossly and recklessly understaffed the facility.

301.     ProMedica Defendants failed to take necessary and appropriate steps to remedy the continuing problems at the Facility that the ProMedica Defendants knew, or should have known, were occurring with Frances Zukowski's care, which included the need to increase the number of employees, hiring skilled and/or trained employees, providing adequate training to the employees, monitoring the conduct of the employees, and/or changing policies and procedures to improve resident care.

302.     Plaintiff believes and avers that ProMedica Defendants chose to operate and/or manage the Facility to maximize their profits at expense of the care provided to their residents, including Frances Zukowski, by negligently, intentionally, and/or recklessly mismanaging and/or reducing staffing levels at the Facility below the levels needed to sufficiently meet the needs of the residents, including Frances Zukowski.

303.     Due to these insufficient staffing levels, Frances Zukowski suffered injuries, which included the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

304.     There were not sufficient staff members to adequately provide the care and treatment prescribed by the physicians to Frances Zukowski, which caused her to suffer all of the injuries described herein.

59

305. There were not sufficient staff members to adequately monitor and address Frances Zukowski's pain, which caused her to suffer needless and preventable pain.

306. There were not sufficient staff members to timely and adequately turn and reposition Frances Zukowski, which caused her to suffer the development and worsening of pressure ulcers, infections, osteomyelitis, and death.

307. There were not sufficient staff members to timely and adequately care plan for skin breakdown, which caused Frances Zukowski to suffer the development and worsening of pressure ulcers, infections, osteomyelitis, and death.

308. There were not sufficient staff members to timely and adequately implement care plan interventions related to skin breakdown, which caused Frances Zukowski to suffer the development and worsening of pressure ulcers, infections, osteomyelitis, and death.

309. There were not sufficient staff members to provide adequate hygiene to Frances Zukowski, which caused her to suffer from pressure ulcers, UTI's, infections, osteomyelitis, and death.

310. There were not sufficient staff members to provide adequate hydration and nutrition to Frances Zukowski, which caused her to suffer from dehydration and malnutrition, and contributed to her pressure ulcers, UTI's, infections, osteomyelitis, and death.

311. ProMedica Defendants failed to maintain compliance with the governmental regulations, including 42 C.F.R. § 483.101 *et seq.* and Title 28 Pa.Code § 201.1 *et seq.*, to which ProMedica Defendants are required to adhere and to which their delivery of care is compared during Federal and Pennsylvania Department of Health Annual and Complaint-based surveys, including 42 C.F.R. §§ 483.5, 483.21(a) & (b), 483.25(b) & (c), 483.10(a) & (e) & (c) & (g), 483.10(c)(2)(iv), 483.10(i), 483.12, 483.15(g)(14), 483.20, 483.20(b)(2)(ii), 483.24, 483.25,

60

Case ID: 240401816

483.25(I), 483.60, 483.30, 483.35, 483.70; 483.70(e); 483.70(i); 483.10(f) & (h); 483.25(e), 483.25(b) & (c), 483.40; 483.45(b) & (c) & (e) & (d); 483.45(f), 483.80, and, 28 Pa.Code §§ 201.29, 211.5(f); 211.10, § 211.11, 201.29(j) & (i), 211.10, 205.1, 211.8; 201.29(c), 51.3, 201.14(c), 211.2, 211.5, 211.6, 211.2(a), 211.10(a), 211.2, 211.12, 211.5, 211.7, 201.18; 201.20, 211.10(d), 22.1.6, 211.10(a).[6]

312.    In committing the acts and omissions herein, ProMedica Defendants acted in a grossly negligent manner, with reckless indifference to the rights and safety of Frances Zukowski.

313.    Upon information and belief, ProMedica Defendants' owners, officers, directors, partners, members and managers were made aware of Federal and Pennsylvania Department of Health survey results and placed on notice of the care issues and/or physical/environmental issues of their nursing homes, including the Facility.

314.    Upon information and belief, ProMedica Defendants, including their owners, officers, directors, partners, members, managers, and employees, knew they had been cited by Federal and Pennsylvania Department of Health surveyors for deficiencies regarding the Facility prior to, during and after the residency of Frances Zukowski, and were placed on notice as to care issues and/or physical/environmental issues at the Facility.

315.    As a direct and proximate result of ProMedica Defendants' acts and/or omissions, and their breach of their duty of care, negligence, carelessness and recklessness, Frances Zukowski suffered (a) severe permanent physical injuries resulting in severe pain, suffering and disfigurement (b) mental anguish, embarrassment, humiliation, degradation, emotional distress, and loss of personal dignity, (c) loss of capacity for enjoyment of life, (d) expense of otherwise

---

[6] Plaintiff is not asserting a claim for negligence *per se*.

Case ID: 240401816

unnecessary hospitalizations, medical expenses and residency at the Facility, (e) aggravation of her pre-existing medical conditions, and (f) death.

316.     In causing the aforementioned injuries, ProMedica Defendants knew, or should have known, that Frances Zukowski would suffer such harm.

317.     ProMedica Defendants' conduct was intentional, outrageous, willful, and wanton, and exhibited a reckless indifference to the health and well-being of Frances Zukowski.

318.     ProMedica Defendants' conduct justifies an award of punitive damages.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against ProMedica Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

**COUNT THREE – VICARIOUS LIABILITY**
**AGAINST PRIORITY DEFENDANTS**

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority**
**Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC;**
**GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh;**
**Ephram Lehasky; Benjamin Landa; Bent Philipson (Priority Defendants)**

319.     Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

320.     Priority Defendants' actions and omissions occurred through its ostensible agents, agents, servants and employees, all of whom negligently provided care to Frances Zukowski, which resulted in the development and worsening of pressure ulcers, falls with injury including

62

fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

321.    Priority Defendants' ostensible agents, agents, servants and employees, including officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, regional and corporate staff had the duty to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

322.    Priority Defendants' ostensible agents, agents, servants and employees, including officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, regional and corporate staff, had the duty to provide interventions, assessment, care, documentation, and treatment to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

323.    The Priority Defendants are vicariously liable for the acts, commissions, and omissions of their ostensible agents, agents, servants and/or employees, who were acting within the course and scope of their employment, as fully as though they had performed the acts or omissions themselves.

324.    Priority Defendants knew of the government/state survey results of the Facility and Priority Defendants still did not remedy the medical and nursing deficiencies raised in the surveys, thereby permitting the deficient care to continue.

325.    As a direct and proximate result of the Priority Defendants' acts and/or omissions, and its breach of duty of care, Frances Zukowski suffered (a) the development and worsening of

63

pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, (b) severe permanent physical injuries resulting in pain, suffering and disfigurement, (c) mental anguish and humiliation, (d) loss of capacity for enjoyment of life, (e) expense of otherwise unnecessary hospitalization, medical expenses and residency at the Facility, and (f) aggravation of pre-existing medical conditions.

326.    In causing the aforementioned injuries, Priority Defendants knew, or should have known, that Frances Zukowski would suffer such harm.

327.    As a result of the aforesaid negligent conduct of Priority Defendants, Frances Zukowski was caused to suffer and/or increased her risk of suffering a serious and permanent injury, the development and worsening of pressure ulcers, falls with injury including fractured shoulder, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, as well as a loss of the enjoyment of the pleasures of life, including the decreased ability to engage in her activities of daily living.

328.    The conduct of the Priority Defendants was intentional, outrageous, willful, wanton and exhibited a reckless indifference to the health and well-being of Frances Zukowski.

329.    The conduct of the Priority Defendants was such that an award of punitive damages is justified.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against Priority Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

64

## COUNT FOUR – VICARIOUS LIABILITY
## AGAINST PROMEDICA DEFENDANTS

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
v.
**ProMedica Skilled Nursing & Rehabilitation Easton; ProMedica Health System, Inc.; HCR Manor Care Services, LLC (ProMedica Defendants)**

330.    Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

331.    ProMedica Defendants' actions and omissions occurred through its ostensible agents, agents, servants and employees, all of whom negligently provided care to Frances Zukowski, which resulted in the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

332.    ProMedica Defendants' ostensible agents, agents, servants and employees, including officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, regional and corporate staff had the duty to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

333.    ProMedica Defendants' ostensible agents, agents, servants and employees, including officers, directors, members, managers, physicians, physicians' assistants, nurses, certified nurse aides, regional and corporate staff, had the duty to provide interventions, assessment, care, documentation, and treatment to prevent Frances Zukowski from suffering the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death.

334.    The ProMedica Defendants are vicariously liable for the acts, commissions, and omissions of their ostensible agents, agents, servants and/or employees, who were acting within

65

the course and scope of their employment, as fully as though they had performed the acts or omissions themselves.

335. ProMedica Defendants knew of the government/state survey results of the Facility and ProMedica Defendants still did not remedy the medical and nursing deficiencies raised in the surveys, thereby permitting the deficient care to continue.

336. As a direct and proximate result of the ProMedica Defendants' acts and/or omissions, and its breach of duty of care, Frances Zukowski suffered (a) the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, (b) severe permanent physical injuries resulting in pain, suffering and disfigurement, (c) mental anguish and humiliation, (d) loss of capacity for enjoyment of life, (e) expense of otherwise unnecessary hospitalization, medical expenses and residency at the Facility, and (f) aggravation of pre-existing medical conditions.

337. In causing the aforementioned injuries, ProMedica Defendants knew, or should have known, that Frances Zukowski would suffer such harm.

338. As a result of the aforesaid negligent conduct of ProMedica Defendants, Frances Zukowski was caused to suffer and/or increased her risk of suffering a serious and permanent injury, the development and worsening of pressure ulcers, osteomyelitis, UTI's, sepsis, infections, poor hygiene, dehydration, malnutrition, severe pain, and death, as well as a loss of the enjoyment of the pleasures of life, including the decreased ability to engage in her activities of daily living.

339. The conduct of the ProMedica Defendants was intentional, outrageous, willful, wanton and exhibited a reckless indifference to the health and well-being of Frances Zukowski.

340. The conduct of the ProMedica Defendants was such that an award of punitive damages is justified.

66

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against ProMedica Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

## COUNT FIVE – SURVIVAL ACTION
## AGAINST PRIORITY DEFENDANTS

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson (Priority Defendants)**

341.    Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

342.    Plaintiff brings this action on behalf of the decedent's estate under and by virtue of the Pennsylvania Judiciary Act, 42 Pa.C.S. 8302, also known as the Survival Statute, to recover all damages legally appropriate thereunder.

343.    Plaintiff's decedent, Frances Zukowski, did not bring any action during her lifetime, nor has any other action been commenced on behalf of the Deceased against Priority Defendants herein.

344.    The following persons are entitled to share under this cause of action in the estate of said Decedent: the intestate heirs of the Estate of Frances Zukowski.

345.    Plaintiff hereby claims damages for the pain, suffering, and inconvenience suffered by Plaintiff's decedent, Frances Zukowski up to and including the time of her death, all of which was caused by Priority Defendants' breach of duties, negligence, carelessness, and recklessness.

Case ID: 240401816

346. Plaintiff also hereby claim any and all damages for the fright and mental suffering attributable to the peril leading to the death of Plaintiff's decedent, Frances Zukowski, all of which was caused by Priority Defendants' breach of duties, negligence, carelessness, and recklessness.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against Priority Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

**COUNT SIX – SURVIVAL ACTION**
**AGAINST PROMEDICA DEFENDANTS**

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**ProMedica Skilled Nursing & Rehabilitation Easton; ProMedica Health System, Inc.; HCR Manor Care Services, LLC (ProMedica Defendants)**

347. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

348. Plaintiff brings this action on behalf of the decedent's estate under and by virtue of the Pennsylvania Judiciary Act, 42 Pa.C.S. 8302, also known as the Survival Statute, to recover all damages legally appropriate thereunder.

349. Plaintiff's decedent, Frances Zukowski, did not bring any action during her lifetime, nor has any other action been commenced on behalf of the Deceased against ProMedica Defendants herein.

350. The following persons are entitled to share under this cause of action in the estate of said Decedent: the intestate heirs of the Estate of Frances Zukowski.

68

351. Plaintiff hereby claims damages for the pain, suffering, and inconvenience suffered by Plaintiff's decedent, Frances Zukowski up to and including the time of her death, all of which was caused by ProMedica Defendants' breach of duties, negligence, carelessness, and recklessness.

352. Plaintiff also hereby claim any and all damages for the fright and mental suffering attributable to the peril leading to the death of Plaintiff's decedent, Frances Zukowski, all of which was caused by ProMedica Defendants' breach of duties, negligence, carelessness, and recklessness.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against ProMedica Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, together with punitive damages, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

## COUNT SEVEN – WRONGFUL DEATH
## AGAINST PRIORITY DEFENDANTS

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Bent Philipson (Priority Defendants)**

353. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

354. Priority Defendants contributed to and/or caused the death of Plaintiff's decedent, Frances Zukowski, through their own negligence, carelessness, and reckless conduct as well as

Case ID: 240401816

through their agents, servants, and/or employees. As a result, Frances Zukowski died on February 22, 2023 at the age of 92.

355. Plaintiff's decedent, Frances Zukowski, did not bring any action during her lifetime, nor has any other action been commenced on behalf of the Deceased against Priority Defendants herein.

356. Plaintiff's decedent, Frances Zukowski, left the following survivors: Lawrence Zukowski (adult son), Barbara Bassett (adult daughter), Victor Zukowski (adult son).

357. Plaintiff is the son of Frances Zukowski and was appointed Administrator of the Estate of Frances Zukowski on May 3, 2023, pursuant to the Letters of Administration issued by the Register of Wills of Northampton County, Pennsylvania.

358. Plaintiff brings this action on behalf of the decedent's estate under and by virtue of the Pennsylvania Judiciary Act, 42 Pa.C.S. 8301, known as the Wrongful Death Statute, to recover any and all damages legally appropriate hereunder.

359. The following persons have independent causes of action and are entitled to recover as Wrongful Death beneficiaries of the Decedent: Lawrence Zukowski (adult son), Barbara Bassett (adult daughter), Victor Zukowski (adult son).

360. Plaintiff, and the aforementioned Wrongful Death beneficiaries, claim damages for the pecuniary loss suffered by the decedent's survivor as a result of the death of Frances Zukowski as well as for the reimbursement of hospital, nursing, medical, and funeral expenses, and the expenses of administration necessitated by reason of Frances Zukowski's injuries, which caused her death, and other expenses incurred in connection therewith.

361. Additionally, as a result of Frances Zukowski's death, the Wrongful Death beneficiaries have been deprived of the care, comfort, companionship, society, tutelage, and

70

assistance they would have received from Frances Zukowski had she lived the remainder of her natural life.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against Priority Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

**COUNT EIGHT – WRONGFUL DEATH**
**AGAINST PROMEDICA DEFENDANTS**

**Lawrence Zukowski as Administrator of the Estate of Frances Zukowski**
**v.**
**ProMedica Skilled Nursing & Rehabilitation Easton; ProMedica Health System, Inc.; HCR**
**Manor Care Services, LLC (ProMedica Defendants)**

362.    Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

363.    ProMedica Defendants contributed to and/or caused the death of Plaintiff's decedent, Frances Zukowski, through their own negligence, carelessness, and reckless conduct as well as through their agents, servants, and/or employees. As a result, Frances Zukowski died on February 22, 2023 at the age of 92.

364.    Plaintiff's decedent, Frances Zukowski, did not bring any action during her lifetime, nor has any other action been commenced on behalf of the Deceased against ProMedica Defendants herein.

365.    Plaintiff's decedent, Frances Zukowski, left the following survivors: Lawrence Zukowski (adult son), Barbara Bassett (adult daughter), Victor Zukowski (adult son).

71

366.    Plaintiff is the son of Frances Zukowski and was appointed Administrator of the Estate of Frances Zukowski on May 3, 2023, pursuant to the Letters of Administration issued by the Register of Wills of Northampton County, Pennsylvania.

367.    Plaintiff brings this action on behalf of the decedent's estate under and by virtue of the Pennsylvania Judiciary Act, 42 Pa.C.S. 8301, known as the Wrongful Death Statute, to recover any and all damages legally appropriate hereunder.

368.    The following persons have independent causes of action and are entitled to recover as Wrongful Death beneficiaries of the Decedent: Lawrence Zukowski (adult son), Barbara Bassett (adult daughter), Victor Zukowski (adult son).

369.    Plaintiff, and the aforementioned Wrongful Death beneficiaries, claim damages for the pecuniary loss suffered by the decedent's survivor as a result of the death of Frances Zukowski as well as for the reimbursement of hospital, nursing, medical, and funeral expenses, and the expenses of administration necessitated by reason of Frances Zukowski's injuries, which caused her death, and other expenses incurred in connection therewith.

370.    Additionally, as a result of Frances Zukowski's death, the Wrongful Death beneficiaries have been deprived of the care, comfort, companionship, society, tutelage, and assistance they would have received from Frances Zukowski had she lived the remainder of her natural life.

**WHEREFORE**, Plaintiff, Lawrence Zukowski as Administrator of the Estate of Frances Zukowski, respectfully requests that judgment be entered in his favor, and against ProMedica Defendants, in an amount in excess of the compulsory arbitration limits and/or Fifty Thousand Dollars ($50,000.00); whichever is greater, and any other relief that this Honorable Court deems appropriate given the circumstances. A jury trial is demanded.

72

Respectfully submitted,
**ANAPOL WEISS**

DATED: _4/15/2024_____

BY:_____
Jordan M. Solarz, Esquire
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Jordan M. Solarz, Esquire, counsel for Plaintiff, do hereby certify that a true and correct

copy of the Complaint was served, upon the following via E-Courts and E-mail:

MAYBROOK-P PRAXIS OPCO, LLC D/B/A
THE GARDENS FOR MEMORY CARE
AT EASTON
500 Washington Street
Easton, PA 18042

PRIORITY HEALTHCARE GROUP, LLC
99 W. Hawthorne Ave., Suite 508
Valley Stream, NY 11580

PRIORITY CARE GROUP, LLC
C/o Akiva Glatzer
791 Flanders Drive
Valley Stream, NY 11581

MAYBROOK-P OPCO HOLDINGS, LLC
C/o Cogency Global, Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

GGL RELIANT, LLC
C/o Cogency Global, Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

PHILPSON FAMILY LIMITED
LIABILITY COMPANY
22 Pleasant Ridge Road
Spring Valley, NY 10977

DAVID GAMZEH
46 Broadway
Lawrence, NY 11559

EPHRAM LEHASKY
34 Lord Avenue
Lawrence, NY 11559

BENJAMIN LANDA
34 Lord Avenue

1

Lawrence, NY 11559

BENT PHILIPSON
22 Pleasant Ridge Road
Spring Valley, NY 10977

PROMEDICA SKILLED NURSING &
REHABILITATION EASTON
2600 Northampton Street
Easton, PA 18045

PROMEDICA HEALTH SYSTEM, INC.
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

HCR MANOR CARE SERVICES, LLC
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

**ANAPOL WEISS**

DATED: _4/15/2024_          BY: _____

Jordan M. Solarz, Esquire
*Attorney for Plaintiff*

2

ANAPOL WEISS
Jordan M. Solarz, Esquire
Attorney Identification No. 323096
Joshua H.K. Levy, Esquire
Attorney Identification No. 328511
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Tel. No. (215) 372-8050
Email: jsolarz@anapolweiss.com



Filed and Attested by the
Office of Judicial Records
15 APR 2024 03:11 pm
IMPERATO

Attorney for Plaintiff, Lawrence Zukowski as
Administrator of the Estate of Frances Zukowski

| | | |
|---|---|---|
| **LAWRENCE ZUKOWSKI, AS** | : | COURT OF COMMON PLEAS |
| **ADMINISTRATOR OF THE ESTATE OF** | : | OF PHILADELPHIA COUNTY |
| **FRANCES ZUKOWSKI** | : | |
| 2222 West Boulevard | : | |
| Bethlehem, PA 18017 | : | |
| | : | |
| Plaintiff, | : | NO.: 240401816 |
| vs. | : | |
| | : | PLAINTIFF DEMANDS A JURY |
| **MAYBROOK-P PRAXIS OPCO, LLC D/B/A** | : | TRIAL |
| **THE GARDENS FOR MEMORY CARE** | : | |
| **AT EASTON** | : | |
| 500 Washington Street | : | |
| Easton, PA 18042 | : | |
| | : | |
| **PRIORITY HEALTHCARE GROUP, LLC** | : | |
| 99 W. Hawthorne Ave., Suite 508 | : | |
| Valley Stream, NY 11580 | : | |
| | : | |
| **PRIORITY CARE GROUP, LLC** | : | |
| C/o Akiva Glatzer | : | |
| 791 Flanders Drive | : | |
| Valley Stream, NY 11581 | : | |
| | : | |
| **MAYBROOK-P OPCO HOLDINGS, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **GGL RELIANT, LLC** | : | |
| C/o Cogency Global, Inc. | : | |
| 850 New Burton Road, Suite 201 | : | |
| Dover, DE 19904 | : | |
| | : | |
| **PHILPSON FAMILY LIMITED** | : | |
| **LIABILITY COMPANY** | : | |

Case ID: 240401816

22 Pleasant Ridge Road                          :
Spring Valley, NY 10977                          :

**DAVID GAMZEH**                                 :
46 Broadway                                      :
Lawrence, NY 11559                               :
                                                 :
**EPHRAM LEHASKY**                               :
34 Lord Avenue                                   :
Lawrence, NY 11559                               :
                                                 :
**BENJAMIN LANDA**                               :
34 Lord Avenue                                   :
Lawrence, NY 11559                               :
                                                 :
**BENT PHILIPSON**                               :
22 Pleasant Ridge Road                           :
Spring Valley, NY 10977                          :
                                                 :
**PROMEDICA SKILLED NURSING &**                  :
**REHABILITATION EASTON**                        :
2600 Northampton Street                          :
Easton, PA 18045                                 :
                                                 :
**PROMEDICA HEALTH SYSTEM, INC.**                :
CT Corporation System                            :
4400 Easton Commons Way, Suite 125               :
Columbus, OH 43219                               :
                                                 :
**HCR MANOR CARE SERVICES, LLC**                 :
CT Corporation System                            :
4400 Easton Commons Way, Suite 125               :
Columbus, OH 43219                               :
                                                 :
          Defendants.                          :

---

## CERTIFICATE OF MERIT AS TO PROMEDICA HEALTH SYSTEM, INC. AS PER PA RCP 1042.3

I hereby certify that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable

professional or occupational standards or treatment practices, and that such conduct was a cause in bringing about the harm to Frances Zukowski.

I hereby certify that an appropriate licensed professional has supplied a written statement that the claims that the defendant deviated from acceptable professional standards are based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and that such conduct was a cause in bringing about the harm to Frances Zukowski.

Respectfully submitted,
**ANAPOL WEISS**

DATED: 4/15/2024

BY: _____
Jordan M. Solarz, Esquire
*Attorney for Plaintiff*